## East St. Louis Connecting Ry. Co. v. Edward Shannon.

1. PLEADING—*One of Several Charges in Same Count Sustained by Evidence.*—If either of several charges of negligence contained in the same count of a declaration is sufficiently pleaded to show a cause of action, and is sustained by the evidence, a recovery may be had although the other charges are not proved.

2. PRACTICE—*Instructing Jury to Find for Defendant.*—Where there is any evidence tending to prove the charge, it is error to instruct the jury to find for the defendant.

3. FELLOW-SERVANTS—*A Recovery in Case of, etc.*—The law does not forbid a recovery in all cases where one is injured by the negligent act of a fellow-servant. If the master is guilty of negligence in employing the servant who causes the injury, or in retaining him in his service after notice of his incompetency, there may be a liability, notwithstanding the fact that the two are fellow-servants.

East St. Louis Connecting Ry. Co. v. Shannon.

4. RAILROAD COMPANIES—*Duty to Employ Careful Servants.*—Where the yards of a railroad company are specially dangerous, the company must exercise a corresponding degree of care in the selection of its foreman, and will be guilty of negligence, should it knowingly retain a man in that capacity whose fondness for the cup would be likely to endanger the lives or limbs of his associates.

5. RAILROAD COMPANY—*Drunken Servants.*—Where an accident is charged to the drunkenness of an engineer, if it appears that he was sober at the time of the injury and was managing his engine and crew without negligence, there will be no right of recovery on that ground.

6. INSTRUCTIONS.—In an action for personal injuries, an instruction which tells the jury that the plaintiff was not required, in the first instance, to know that the tracks were properly constructed, but had a right to rely on the implied undertaking of the company to make and keep them safe, and, if he was injured from the failure of the company to do so, the verdict should be in his favor, is erroneous, where there is evidence tending to show that the plaintiff at and prior to the time of his injury had actual knowledge of the fact that the tracks were not properly constructed. Given actual knowledge, there remains no room for the indulgence of presumption.

7. MASTER AND SERVANT—*Servant's Right to Presume Appliances are Safe.*—In case of personal injuries, if the injured party absolutely knew that the tracks were dangerously close to each other, he had, nevertheless, no right to shut his eyes and presume them to be safe, and then hold the company responsible for the consequences.

Memorandum.—Action for personal injuries. Error to the Alton City Court; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the February term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

*Plaintiff's first and second instructions, assigned for error:*

1. Should you find from the evidence in this case, that George Stevens was in the employment of defendant, and had charge of the engine which ran over plaintiff, and that said Stevens, while in the discharge of his duty as foreman of the engine for defendant, had been in the habit of becoming intoxicated to the extent of making it hazardous to the safety of plaintiff while working under him, and that defendant knew that said Stevens was in the habit of discharging his duties when he was in a condition unfit to do so, and if they further believe that the injury complained of in this case was the result of said Stevens' intemperance, then in that event, your verdict should be for the plaintiff.

2. The court instructs the jury for the plaintiff, that he was not required in the first instance to know if defendant's tracks and switches were properly constructed, and that plaintiff had the right to rely upon the implied undertaking of his employers, that they had been properly constructed and were suitable and safe for the passage of trains and cars thereover, and that his superiors were exercising some diligence to keep

them safe and in proper repair and condition; and if from its failure to do so the injury complained of in the declaration occurred, the defendant is liable and your verdict should be for the plaintiff.

The statement of facts is contained in the opinion of the court.

CHARLES W. THOMAS, attorney for plaintiff in error.

A. R. TAYLOR and WM. P. LAUNTZ, attorneys for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Edward Shannon sued the East St. Louis Connecting Railway Company in the City Court of East St. Louis for injuries received by him while engaged in coupling cars in the railway company's yards.

The company petitioned for a change of venue, and the venue was changed to the Alton City Court. Thereupon the company appeared in the latter court, and moved that the cause be remanded to the City Court of East St. Louis. The action of the Alton City Court in overruling this motion is now assigned for error. For an argument of the question, we are referred to the brief of plaintiff in error in East St. Louis Connecting Railway Company v. Enright, decided at the present term of this court. For our views of the law on the question of jurisdiction, we would, in turn, refer to the opinion filed in that case, in which we hold that the motion to remand the cause was properly overruled.

The declaration in this case contains one count with three distinct charges of negligence, which are substantially as follows: First, that the railway company negligently maintained its tracks so close together at the place where the injury was received as to jeopardize the lives and limbs of switchmen while in the discharge of their duty. Second, that George Stevens, who had control of the engine which ran over and injured the defendant in error, was incompetent to control and manage the same, because of his reckless

East St. Louis Connecting Ry. Co. v. Shannon.

and careless habits, and because of his frequent indulgence in the use of intoxicating drinks, of which incompetency the railroad company had notice before the time of the injury. Third, that the engine which inflicted the injury was being propelled at a much greater rate of speed than ten miles an hour, in violation of the statutes of the State of Illinois and of section 583 of the revised ordinances of the city of East St. Louis.

The declaration further alleges that Shannon received his injuries while in the discharge of his duties as a switchman for the company, and while he was exercising all due care and diligence on his part.

Plaintiff in error did not demur, but pleaded the general issue to this declaration. After verdict in Shannon's favor, motions for a new trial and in arrest of judgment were interposed by the company, and the overruling of these motions is assigned for error.

It is urged that the motion in arrest should have been sustained because the declaration states no cause of action. It is also insisted that the court erred in not instructing the jury, at the request of plaintiff in error, to find a verdict of not guilty.

The law is, that if either of several charges of negligence contained in the same count of a declaration is sufficiently pleaded to show a cause of action, and is sustained by the evidence, a recovery may be had, although the other charges are not proved. Weber Wagon Co. v. Kehl, 139 Ill. 644. Without examining the objections to the three charges of negligence, it is sufficient to state that the second charge, at least, was sufficiently pleaded. It is also true that there was sufficient evidence tending to prove this charge, to justify the court in refusing to instruct the jury to find for the plaintiff in error.

The principal objection to the second charge of negligence as pleaded, is, that it does not allege that Shannon and Stevens were not fellow-servants. But the law does not forbid a recovery in all cases where one is injured by the negligent act of a fellow-servant. If the master is guilty

of negligence in employing a servant who causes the injury, or in retaining him in his service after notice of his incompetency, there may be a liability, notwithstanding the fact that the two servants are fellow-servants.    The Joliet Steel Co. v. Shields, 134 Ill. 209.    Inasmuch as the charge here is that the railway company retained an incompetent man in its service, after notice of his incompetency, no averment that such servant and the injured person were not fellow-servants, would seem to be necessary.

In justification of the refusal of the court to instruct the jury to find for the plaintiff in error, it may be necessary to give an outline of the facts as they appear from the record.

The evidence shows that Shannon was one of a "crew" engaged in switching cars in the company's yards.    The members of this "crew" were the foreman, George Stevens, the engineer, Edward J. Keiflein, the fireman, Benjamin A. Godfrey, and three switchmen, one of whom was the defendant in error.

The foreman had control of the other members of the "crew," and directed the movements of the engine by signals to the engineer.    At the place where the injury was received there was a track called the "lead" track, and distant from it about thirteen feet from center to center, leaving a space of eight feet between the inside rails of the two tracks there was a sidetrack, known as the L. & E. track. At eight or nine o'clock on Sunday morning, April 19, 1891, certain cars were standing on the latter track, about seven car-lengths from the junction of the two tracks, and Shannon, with the knowledge of the foreman, was standing near these cars for the purpose of making a coupling with the car which was about to be "kicked" down the track.

Thereupon the engine "kicked" the car through the switch down the L. & E. track, and then, as soon as the switch was turned, ran down the "lead" track at a rate of speed variously estimated at from five or six to twelve or fifteen miles an hour.    Shannon sought to couple the cars, and as they came together jumped back to avoid injury from the collision.

He was struck by the foot-board of the passing engine and thrown forward between the rails. Neither the engineer nor the fireman saw him, or knew of what had happened, till the foreman, who was on the foot-board, and knew that Shannon was to make the coupling and saw the jump and the collision, gave the engineer the signal to " stop short." When the engine stopped Shannon was under the tank, having been dragged several feet from the place where he struck the track. His injuries were caused chiefly by the ash-pan, and were so serious that he was confined to the hospital for more than two months.

The evidence tends to show that Stevens drank liquor occasionally; that he had been drunk more than once about a year before the accident; that in March before the accident, the general yard-master of the company refused to permit him to go to work because he "looked like he had been drinking the night previous;" and that according to the testimony of Shannon, the foreman was " pretty well filled up" with what smelled like whisky at the time when Shannon was injured. Stevens testifies that he did not drink liquor after election on April 7th. It appears from the evidence, that the work of switchmen in these lower yards was exceedingly hazardous, so much so that the yards were sometimes called the " battle-field." This being true, the company was required to exercise a corresponding degree of care in the selection of its foreman, and would be guilty of negligence, should it knowingly retain a man in that capacity whose fondness for the cup would be likely to endanger the lives or limbs of his associates. It was the business of the yard-master to hire and discharge engine crews, and his knowledge was the knowledge of his principal.

We refrain from passing upon the weight of the evidence concerning Stevens' alleged incompetency, or the company's notice thereof, or Shannon's knowledge of the same fact. We have sought to show no more than that there was some evidence on the trial tending to show a cause of action under the second charge of negligence, and that therefore, the motion to find for plaintiff in error was properly overruled.

We think, however, that there was such error in the giving of defendant in error's first and second instructions as to require a reversal of the judgment.

The first instruction, which is based upon the second charge of negligence, makes the liability of the company to depend upon Stevens' habit of becoming intoxicated, and of discharging his duties when in a "condition unfit to do so," when the record wholly fails to show either that he was in the *habit* of becoming intoxicated, or in the *habit* of discharging his duties when in an unfit condition. The instruction is also erroneous in leading the mind to the conclusion that if Stevens had been in the habit of becoming intoxicated prior to the time of the accident, and the company was chargeable with knowledge of the fact, Shannon would have the right to recover; whereas, conceding these to be the facts, yet if it was also true that Stevens was sober at the time of the injury, and was managing his engine and crew without negligence, there would be no right of recovery whatever. Besides, if Stevens was intoxicated on the day of the injury, and the language of the instruction can be so construed as to include that fact, then the instruction would be erroneous in making no reference to Shannon's negligence in working under an intoxicated foreman with knowledge of his intoxication.

The second instruction told the jury that Shannon was not required, in the first instance, to know that the tracks were properly constructed, but had a right to rely on the implied undertaking of the company to make and keep them safe, and that if he was injured from the failure of the company to do this, the verdict should be in his favor. According to this instruction, if Shannon absolutely knew that the tracks were dangerously close to each other, he had, nevertheless, the right to shut his eyes, presume them to be safe, and then hold the company responsible for the consequences.

This is not the law. Given actual knowledge, there remains no room for the indulgence of presumption. An uninformed switchman, having had no opportunity to learn

the condition of the tracks, could lawfully presume that the tracks were properly laid, and were maintained in a safe condition. Such, however, was not the defendant in error, who had been working at this locality for two months, and must have had actual knowledge that the tracks were not more than eight feet apart.

We do not deem it necessary to notice other points suggested in the argument.

For the errors indicated, the judgment is reversed, and the cause is remanded for proceedings in conformity with the views herein expressed.