## St. Louis & T. H. R. R. Co. v. E. J. Eggmann, Public Administrator.

1. MASTER AND SERVANT—*What Are Not Hazards of the Service.*—An employe who voluntarily undertakes to do hazardous work takes upon himself the risks and dangers ordinarily incident to his employment only, and not those risks and dangers which are not ordinarily incident.

2. PLEADING—*Negligence—Several Causes of Action—Recovery on One.*—Where a declaration contains several distinct charges of negligence, if either of such charges sets forth a cause of action and is sustained by the evidence, a recovery may be had although the other charges are not proved.

3. SAME—*Ordinances of Cities.*—It is not necessary for a pleader to set out an ordinance in the declaration *verbatim.* It is sufficient to refer to it and state the substance of it.

4. SPECIAL FINDINGS—*When Not Inconsistent with the General Verdict.*—Where a declaration in an action for damages caused by death resulting from negligence, contains three several and distinct charges of negligence, and special findings are returned by the jury at the request of the defendant as to some of such charges and none as to the others, because no special interrogatories based upon those charges were submitted, such special findings do not show that the jury did not find such charges proved and where the evidence justifies them in so finding, their verdict should be sustained.

5. SPECIAL INTERROGATORIES—*Not Relating to Ultimate Facts.*—Special interrogatories which do not relate to ultimate facts in issue are properly refused.

6. ORDINANCES—*Presumptions as to Their Being in Force.*—Where the evidence shows that an ordinance was in force on a certain day, the presumption, in the absence of evidence showing its repeal, is that it remains in force.

7. FELLOW-SERVANTS—*Burden of Proof as to.*—Where a declaration in an action for personal injuries, resulting in death, avers that the deceased and those causing his death were not fellow-servants, and the general issue is pleaded, the burden is upon the plaintiff to prove that they were not fellow-servants as alleged.

8. INSTRUCTIONS—*Upon the Issues, in the Absence of Evidence.*—Under pleadings presenting the issue as to whether or not a deceased person and those causing his death were fellow-servants, it is not reversible error to instruct the jury upon the law of fellow-servants, although it may not have been insisted by the defendant on the trial that such persons were fellow-servants.

Action on the Case.—Death from negligence, etc.   Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Heard in this court at the February term, 1895. Affirmed. Opinion filed September 6, 1895.

Turner & Holder, attorneys for appellant.

Where an employe, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he can not complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties he assumes such risks as are incident to their discharge. In performing the duties of his place a servant is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly. If he fails to do so the risk is his own. He is bound to use his eyes to see that which is open and apparent to any person using his eyes, and if he fails to do so he can not charge the consequences upon the master. 14 Am. & Eng. Ency. of Law, 842; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 247; Indianapolis, etc., R. Co. v. Flanagan, 77 Ill. 365.

A car inspector, while performing his duty, stepped between two cars and was killed. Could not recover. Potter v. N. Y. Cent. & H. R. R. (N. Y.), 32 N. E. Rep. 602.

A servant who accepts a dangerous employment, knowing it to be dangerous, and remains therein without objection, takes all the risk pertaining thereto. Chicago A. P. B. Co. v. Sobkowiak, 38 Ill. App. 537; St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 259; Chicago & A. R. R. Co. v. Keefe, 47 Ill. 108; Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 346.

The ordinance as to speed and ringing bell was not intended for employes of the company who engaged to work in the yards of the company, where numerous engines were continuously running back and forth. Cautionary signals are only for strangers crossing tracks. Roden v. Chicago & Grand Trunk Ry. Co., 133 Ill. 72; Chicago, R. I. & P. Ry. Co. v. Eininger, 114 Ill. 79; I. C. R. R. Co. v. Hetherington, 83 Ill. 512.

A. R. Taylor and Wise & McNulty, attorneys for appellee.

The plaintiff proved that the ordinance was passed on

St. L. & T. H. R. R. Co. v. Eggmann.

the 20th of February, 1889, approved by the mayor February 21, 1889, and published March 2, 1889. The record shows that the book was "a printed book of ordinances, purporting to be published by authority of the city council" and in addition "the ordinance and the date of publication thereof" was proved by the certificate of the clerk under the seal. Under Ch. 24, Sec. 66, 1 Starr & Curtis' Ann. St. p. 474, nothing more was necessary. The ordinance was proved by either the book or by the certificate. This statute has been construed and we need only cite the authorities. Lindsay v. Chicago, 115 Ill. 120–123; Railroad v. Voelker, 129 Ill. 540; Railway v. Tartt, 64 Fed. Rep. 825.

The ordinance in question having been passed and in force prior to the death of the deceased, the presumption of law is that it continued to be in force until the contrary was shown. The objection that the proof did not show the ordinance was in force when O'Connell was killed is without merit. If this ordinance has been repealed the defendant could have shown it. The law is, "When the existence of a person, a personal relation or a state of things is once established by proof, the law presumes that the person, relation or state of things continues to exist as before until the contrary is shown." Greenleaf on Evidence, 15th Ed., Sec. 41.

"The presumption prevailing (is) that when a fact is shown to exist it continues until shown to have ceased." Butler v. Chapin, 28 Ill. 234.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Edward O'Connell had been working for appellant for some time in the capacity of chief yard clerk and watchman, with the powers of a policeman, at the city of East St. Louis. On May 2, 1895, one of appellant's engines was to be sent to Pinckneyville for purposes of extra work, and O'Connell rode on the engine as far as the lumber yard, as it is called, and then alighted from the engine. There is a conflict of the evidence as to what engaged his attention for the next

few minutes.   On the one hand, it is alleged that he was engaged in taking car numbers and examining the seals, and on the other hand, that he was devoting his time to the loading of a revolver.   The evidence was such as to authorize the jury to find that he was taking car numbers and examining seals, as it was his duty to do under the terms of his employment.

In the meantime, the engineer, finding the main track blocked with cars, backed the engine, by direction of the yard-master, that he might run upon a side-track and proceed around the obstruction, instead of waiting for the main track to be cleared.   O'Connell's back was toward the engine, which moved down the track, with the tank or tender in advance.   He turned as the engine was upon him and struggled heroically, but unsuccessfully, for his life.   He received fatal injuries and died that afternoon.   It is not worth while to spend time in discussing the question as to whether or not the deceased was in the discharge of his duty, or negligently loading a revolver, when he was injured.   There is an abundance of evidence from which the jury might find that he was doing his usual work and exercising ordinary care under the circumstances, and a discussion of the evidence upon this point would probably answer no useful end.

Nor do we deem it necessary to consider the cases cited for the purpose of showing that when one voluntarily undertakes to do hazardous work, he takes upon himself the risks and dangers ordinarily incident to his employment.   It is not difficult to formulate, or agree upon, abstract propositions of law.   Diversity of opinion arises chiefly with reference to the application of a certain proposition to a given state of facts.   It is sufficient to say here that the hazard which brought O'Connell to his grave was not such as was ordinarily incident to his work.   He might well expect to find himself in close quarters from passing engines and moving cars, but he could not be held to anticipate that an engineer on the way to Pinckneyville would find the track blocked and would then back the engine along the track,

not only without signals, but also without looking to see whether or not the track was clear.

There are other questions submitted for our consideration, which can not be disposed of without a statement of the grounds of action relied upon in the declaration. The declaration is a single count, but this contains three distinct charges of negligence. The first charge is carelessness and recklessness in running the engine "without looking out for persons upon the track, and especially for said Edward O'Connell," and without giving any signal of the approach of the train. The second charge is the violation of an ordinance which requires the bell of every engine running upon a track in the city to be rung continuously. The third is the violation of another ordinance, which prohibited the running of an engine within the city at a greater rate of speed than ten miles an hour.

Now the law is that if either of several charges of negligence contained in a declaration is such as to set forth a cause of action, and is sustained by the evidence, a recovery may be had, although the other charges are not proved. Weber Wagon Co. v. Kehl, 139 Ill. 644; East St. Louis Connecting Railway Co. v. Shannon, 52 Ill. App. 420. Turning to the record we find ample evidence to sustain the first charge of negligence, as pleaded in the declaration. The engineer and others of the crew knew that O'Connell had alighted from the engine; they knew that his business was such as to take him upon the tracks and among the cars at this point; they knew that he was expecting that the engine would go to Pinckneyville. Nevertheless, the engine was backed up the track, and neither engineer nor conductor, neither fireman nor brakemen, saw O'Connell until after he was down upon the ground. When O'Connell was struck the engine had attained a velocity of from four or five to ten or fifteen miles, showing that O'Connell was far enough in advance of the tender when the engine began backing to have been seen if the engineer had been giving proper attention to his responsible duties. It may be mentioned, also, that the jury found, and that they were justified in finding,

that the bell was not ringing and that the engine was moving at the rate of ten or fifteen miles an hour, at the time of the accident. Thus it appears that O'Connell was not warned of his danger by any signal from the engineer, but was fatally injured through the carelessness and recklessness of appellant's servants. It is proper to state in this connection that it is conceded by appellant that O'Connell and the crew of the engine were not fellow-servants.

It may be said, however, that the special findings of the jury show that the verdict was based upon the second and third charges of negligence, and that if neither of those is a good cause of action, the judgment should be reversed. The jury returned these special findings at the request of appellant, and returned none as to the first charge of negligence, because no question based upon this charge was propounded to them. There is nothing in the special findings to show that the jury did not find the first charge proved, and inasmuch as the evidence would have justified them in so finding, the verdict should be sustained, under the authorities above cited, without regard to the sufficiency of the other charges.

This view of the case renders it unnecessary for us to decide whether or not the ordinances as to speed and the ringing of the bell apply to the employes of appellant on its private grounds.

There is nothing in the claim made by appellant that the ordinances relating to speed and the ringing of the bell were improperly admitted in evidence under the averments of the declaration. It was not necessary for the pleader to set out the ordinances in the declaration *verbatim*. It was sufficient to refer to the ordinances and to state the substance thereof. The only exception preserved in this connection relates to the publication of the ordinances, and to the fact that there was no certificate that the ordinances were in force on the day of the accident. But the evidence shows that the ordinances were duly published, and that they were in force on a day prior to the day of the accident, which is sufficient, in the absence of evidence showing a repeal of the

ordinances. It is not held in A., T. & S. F. R. R. Co. v. Feehan, 149 Ill. 202, cited by appellant, that a certificate of the clerk that the ordinances were in force on the day of the accident is indispensable to the use of the ordinances as evidence. The only question in the Feehan case was whether or not there was evidence sufficient to show that the "ordinance in question was passed (and published) before Feehan's death, so as to have been in force at that time." This decision has no application to the question now before this court, for the reason that the passage and publication of the ordinances in 1889 was clearly proved, and there is no evidence to show that they were ever repealed.

It is worthy of remark that no question as to the materiality or relevancy of the ordinances, or of the evidence as to the speed of the train, or the failure to ring the bell, has been properly presented to us by this record. In one place a general objection was made to the introduction of the ordinances, but even here no exception has been preserved as to the ruling of the court. No instruction was asked by either party as to the second or third charges of negligence, or the evidence tending to prove the same. If these charges of negligence do not constitute causes of action because the accident was to an employe of appellant in its private yards, the question has not been brought before us by the offer of instructions on the trial, by exceptions preserved to the rulings of the court in admitting evidence, by motion to exclude evidence, or in any other appropriate manner. Therefore, having found that the first charge of negligence is a good cause of action, and has been proved as alleged, and having found no error available to appellant in the admission of evidence as to the other charges, the judgment must be affirmed, even though a failure to comply with the ordinances may not constitute negligence as to an employe of appellant in its private yards.

The only objection made in this court to the rulings of the court below in giving appellee's instructions, is that the instructions stated the law upon the question of fellow-servants, when, as it is said, that question was not in issue

on the trial of the case. The question was in issue under the pleadings. The declaration averred that the deceased and those who caused his death were not fellow-servants, and the general issue required proof of this averment to be made. It may be true, as appellant contends, that the evidence showed that deceased and the engine crew were not fellow-servants, but how could appellee's counsel know that appellant would lay down its arms on this question? And what harm could result from stating to the jury the law relating to fellow-servants, and thus giving appellant the benefit of a defense which, we are now told, was not insisted upon? If there was no evidence to show the existence of the relation of fellow-servants, then, in view of the allegation of the declaration upon that subject, it would have been proper for the court to instruct the jury squarely that the deceased and the engine crew were not fellow-servants.

If the court, instead of doing this, submitted the question to the jury, appellant has no ground of complaint. These instructions can not have had the effect in this case of drawing the attention of the jury from principal and contested to minor and undisputed points. It is not argued that the law as to who are fellow-servants is improperly laid down, nor could this be material if the relation of fellow-servants did not in fact exist. No other objection to appellee's instructions has been suggested or argued, and there is no other objection, therefore, to be considered.

Appellant's instructions were properly refused. It is not the law that the master is not liable in any case for an injury to an employe working in a dangerous place, where the injury was not willfully inflicted. Nor is it true, as a proposition of law, that if deceased was loading his revolver when he was struck by the engine, there could be no recovery for his death. O'Connell was a policeman, and as such, might lawfully load his pistol, and it would not have been negligence, necessarily, for him to have done so under the circumstances of this case.

The court was requested to require the jury to find specially whether or not the deceased knew that he was work-

ing in a dangerous place and whether or not he was loading his revolver when he was struck. If both these questions had been submitted and had been answered in the affirmative, the answers would not have been contradictory to the general verdict. The questions did not relate to ultimate facts, and were therefore properly refused.

We have carefully examined the record and have found no harmful error therein. The judgment is affirmed.