## Cleveland, C., C. & St. L. Ry. Co. and St. Louis, M. B. T. Ry. Co. v. Herman Bender, Jr.

1. RAILROADS—*Joint Liability for Negligence of a Lessee Company.*— A railroad company using by agreement the road of another company, will be liable for damages resulting from its own negligence, and the owner company, to whom its charter gives the control and management of the road, will also be liable. (Penn. Co. v. Ellett, 132 Ill. 654.)

2. EVIDENCE—*Of the Contents of Ordinances.*—The testimony of a witness, that he had compared copies of ordinances sought to be introduced as evidence with the originals, and that they were true and correct copies of the originals, dispenses with the necessity of producing the originals and makes the copies of the ordinances original evidence without any certificate whatever.

3. CROSS-EXAMINATION—*Objections to Matters Brought Out on, on Appeal.*—If, on the cross-examination of a witness as to matters which

were not properly the subject of cross-examination, it be shown that an ordinance had been duly passed and approved and was in force, the party drawing out such evidence is precluded from asserting on appeal that such parol proof was inadmissible or insufficient.

4. REPEALS—*Must be Shown Affirmatively.*—Where the evidence shows that an ordinance was in force on a certain day, the presumption, in the absence of evidence showing its repeal, is that it remains in force.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Madison County; the Hon. ALONZO S. WILDERMAN, Judge, presiding.   Heard in this court at the August term, 1896.   Affirmed. Opinion filed March 3, 1897.

GEO. F. MCNULTY, attorney for appellant C., C., C. & St. L. Ry. Co.; J. T. DYE, of counsel.

G. A. KOERNER, attorney for appellant St. Louis. M. B. T. Ry. Co.

HADLEY & BURTON, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

North Market street, in the city of St. Louis, Missouri, is an important and much traveled thoroughfare, especially at those seasons of the year when Illinois farmers, crossing the Mississippi river on the ferry at Venice, haul their products to the markets of St. Louis.   A few hundred feet from the river, the street is crossed by three railroad tracks belonging to the Wiggins Ferry Co., and a little farther west by two principal tracks belonging to the Belt road, and then by four tracks lying close together, the first two belonging to the St. Louis, Keokuk & Northwestern Railway, sometimes called the "K" or "Q" line, and the other two belonging to one of the appellants, the St. Louis Merchant's Bridge Terminal Railway Company.

The tracks of the last named company were used by certain passenger trains of the Wabash Railroad and of the C., C., C. & St. L. Ry. Co., and by certain other passenger trains between St. Louis and Granite City, Illinois.   The same tracks were used daily by a great many freight trains.   The extensive traffic over these tracks and on the street rendered this crossing an important and dangerous one.

At about seven o'clock on the evening of September 3, 1895, appellee was hauling a wagon load of watermelons west on North Market street, while just in front of him was his brother with another loaded wagon, and behind him was another man with a team and wagon. Their progress was arrested when they reached the "K" tracks by a Wabash train standing on the east of the two tracks belonging to the Terminal railway company.

Presently the Wabash train went north and the teamsters undertook to cross the tracks. The first team and wagon passed over safely, but the rear part of the wagon in which appellee was riding was struck by a passenger train coming from the north, which belonged to the C., C., C. & St. L. Ry. Co., one of the appellants herein.

There was no flagman at the crossing at the time to give warning of the approach of the train.

The evidence is conflicting as to whether or not the train was running at a greater rate of speed than six miles an hour.

The ordinances of St. Louis, if properly in evidence, required the keeping of a flagman at this point, and prohibited trains from running at a greater rate of speed than six miles an hour.

The jury were justified in finding appellants guilty of negligence on each of these grounds and in finding that appellee was himself in the exercise of ordinary care when he was hurt, and that the negligence of appellants was the proximate cause of the injury.

But it is said that the two appellants could not be jointly liable—that one did not own the tracks and could not be held liable for not keeping a flagman at the crossing, and that the other did not own or operate the train and could not be held liable for the unlawful speed of the train.

That this is not the law, is shown by Pennsylvania Co. v. Ellett, 132 Ill. 654, and the authorities there cited.

It is also urged that the court erred in admitting certain ordinances of the city of St. Louis in evidence.

Ordinance 10,061 prohibits any person or corporation from running any cars propelled by steam in the city of St. Louis

across any improved street within the city limits without keeping a flagman at each crossing of such street, who shall give warning of danger by a red flag in the day time and by a red light in the night time.

Ordinance 10,305 prohibits the running of any locomotive or cars propelled by steam within the city at a rate of speed exceeding six miles an hour, with an exception which has no bearing upon this case.

When these ordinances were offered in evidence counsel for appellants objected, on the ground that the ordinances were not properly proved. Thereupon C. H. Burton was sworn and testified that he had compared the copies with the originals on file in the city register's office at St. Louis, and that they were true and correct copies of the originals; that sections 1263 and 1267, article 5, of the revised ordinances of 1893, are true and perfect copies respectively of ordinances 10,061 and 10,305; that the copy of section 1238 of ordinance 17,189 is a true copy of the original.

This testimony, which is not modified by cross-examination or contradicted by other evidence, dispenses with the necessity of producing the originals and makes the copies of the ordinances original evidence without any certificates whatever. Sections 14 and 18 of Chap. 51 of the Ill. Stat.; L., N. A. & C. Ry. Co. v. Shires, 108 Ill. 617; Mandel v. Swan Land Co., 154 Id. 177.

The question now arises whether or not the evidence shows that the ordinances in question had been duly passed and were in force at the time when appellee received his injuries.

The statutes of Missouri, which were introduced in evidence by appellants, show that as soon as an ordinance is approved by the mayor of St. Louis it becomes a law. No publication of such an ordinance is required, and therefore no publication need be proved.

The question is now very much simplified, and is no more than this: Were the ordinances duly passed and approved?

In L., N. A. & C. Ry. Co. v. Shires, above cited, the passage of an ordinance of a city in a foreign State was proved by the deposition of a witness who swore that the ordinance was "passed by the common council" of the city. Only a

general objection was made to this part of the deposition and the deposition remained on file for two months before the trial without any motion to suppress, and it was held to be too late to object on the trial that the passage of the ordinance could not be shown by parol.

By a similar process of reasoning, it is clear that if appellants in this case, on cross-examination of the witness Burton, as to matters which had not been touched upon in chief and were not properly the subject of cross-examination, proved by the witness that the ordinances had been duly passed and approved and were in force at the time of the accident, appellants are precluded from asserting here that such parol proof was inadmissible or insufficient.

The examination of Burton in chief related solely to the question whether or not the alleged copies were true copies of the original ordinances. When counsel for appellant went beyond this question and examined the witness as to the passage and approval of the ordinances, they made him their witness as to these matters, and will not be heard to say that the evidence thus brought into the record by them is not the best evidence to show the facts thus established.

Appellants proved by a cross-examination of Burton that in St. Louis the ordinances are printed before they are passed, and that after they have been duly passed and approved, they are deposited in the city register's office; also that sections 1263 and 1267 of the revised ordinances of 1893, as found in the city register's office, purport to be signed by the president and clerk of the council and by the same officers of the house of delegates, and to be approved and signed by the mayor.

Moreover, the witness swears directly on cross-examination that the ordinances were passed, and the cross-examiner, speaking to the witness of the signatures of the president and clerk of the council to one of the ordinances, says: " That shows their passage in one house."

If this is correct, then the signatures of the president and clerk of each house, and the approval of the mayor to the revised ordinances ought to be sufficient to show that the ordinances have been duly passed.

In addition to the foregoing evidence, appellee produced in evidence the certificates of the city register, H. J. Pocock, under his hand and the seal of the city, showing that ordinances 10,061 and 10,305 are true copies of the originals, and that he is the custodian thereof, and that these ordinances are the originals of sections 1263 and 1267 of article 5, of the revised ordinances of 1893. Appellee also offered in evidence the certificate of the secretary of the State of Missouri, under his hand and the great seal of the State of Missouri showing that said Pocock is the legal custodian of the ordinances duly passed, and which have become laws in and for the city of St. Louis, and that the attestations of Pocock above mentioned are in due form and properly certified by him, as required by the laws of Missouri, and that the attestations and certificates are by the proper officers.

The proposition that it does not appear that the city of St. Louis had power to pass ordinances 10,061 and 10,305 when they were passed, even if sustained by the record, does not affect the decision of this case, for the city certainly had ample power to pass the ordinances when they were embodied in the revised ordinances of 1893.

Nor is there any merit in the proposition that the evidence does not show that the ordinances were in force on the day of the accident. Where the evidence shows that an ordinance was in force on a certain day, the presumption, in the absence of evidence showing its repeal, is that it remains in force. St. L. & T. H. R. R. Co. v. Eggman, 60 Ill. App. 291.

Upon careful examination of the record in this case, we are satisfied that the ordinances were properly admitted in evidence.

No other question of any importance has been pressed upon our attention. The instructions for appellants were fully as favorable as the law would warrant. It is not claimed that the damages—$800—are excessive. The court did not err in refusing to require the jury to specify in their verdict under which count or counts they found appellants guilty. The judgment is affirmed.