## Chicago Union Traction Co. v. Louise Shedd.

1. TORTS—*All Allegations of Declaration Need Not be Proved.*—In actions of tort, it is not necessary that the plaintiff prove all the allegations of the declaration. It is sufficient if enough are proved to show a cause of action.

2. INSTRUCTIONS—*To Find as Facts the Testimony of Each Witness, Erroneous.*—An instruction to the jury that if after considering all the evidence they believe the testimony of any witness as to certain facts then they should find accordingly, is erroneous, as invading the province of the jury. It is the duty of the jury to find the ultimate facts. They must infer them from the entire proof.

3. SAME—*Singling Out and Calling Attention to the Testimony of One Witness, Erroneous.*—An instruction which in effect singles out and gives undue prominence to the testimony of one witness is erroneous.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed November 17, 1903.

Appellee recovered judgment against appellant for injuries sustained by her while alighting from one of its cars on which she had been riding as a passenger.

The first two counts of the declaration charge appellant with having "negligently caused the said car to be violently checked and stopped." The third and fourth counts charge it with having "negligently managed and operated said car and negligently causing the speed thereof to be suddenly and violently checked and slackened, and said car to be violently and suddenly stopped." The plea is the general issue.

The plaintiff, a young woman of twenty, was the only witness in her behalf touching the accident. She was riding in an open car of appellant's on its West Madison street line and wanted to get off at Sacramento avenue. Being carried beyond that point without the car stopping, she testified that she informed the conductor of the fact and "he pulled the rope and I stepped back over to the edge of the car and took hold of the upright and waited for the car to stop. * * * The car jerked and I was

thrown to the ground when it was stopping. * * * At the moment the jerk took place I was standing between the seats at the edge of the car holding on. * * * It was the jerk that threw me."

Three employes of appellant and five passengers were called as witnesses in its behalf and their testimony tended to show that while the car was going at full speed, about twelve miles an hour, appellee arose from her seat and stepped off the car without giving any signal to stop and before anything had been done to check the speed of the car.

For appellee the court gave to the jury the following instruction:

"The court instructs the jury that the preponderance of the evidence does not necessarily depend entirely upon the number of witnesses testifying on either side of the case; that the jury are the sole judges of the credibility of the witnesses and of the weight to be given to the evidence of each and all of them; and that if, after considering all the evidence in the case, you believe the testimony of any witness as to certain facts, then you should find accordingly, although such testimony is not corroborated and is denied by other witnesses."

The following instruction was asked by appellant:

"The burden of proof is not upon the defendant to show how the plaintiff came to fall. If the preponderance of the evidence does not show that she fell by reason of the car being suddenly and violently checked and stopped, your verdict should be, not guilty."

This instruction the court modified by striking out the word "and" between the words "checked" and "stopped," and substituting for it the word "or," and gave the modified instruction.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

BLACK & BLACK, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

First. In view of the third and fourth counts of the

declaration we do not regard the foregoing modification of the instruction asked by appellant as erroneous. Had the first two counts been the only ones in the case, we would be disposed to hold that the modification was wrong in permitting a recovery for the mere checking of the car, contrary to the allegations of said two counts, that the accident was caused by the negligent checking *and stopping* of the car. But the third and fourth counts allege a negligent stopping of the car and a negligent checking of the speed of it. If the proof showed the latter and that it caused the accident, it would not be necessary to prove the negligent stopping of the car itself. In actions of tort, it is not necessary that the plaintiff prove all the allegations of the declaration. It is sufficient if enough are proved to show a cause of action. R. R. Co. v. Warner, 108 Ill. 538; R. R. Co. v. Shires, 108 Ill. 617; City v. Cuinely, 126 Ill. 408; City v. Johnson, 177 Ill. 178; St. Louis, etc., R. R. Co. v. Eggmann, 60 Ill. App. 291.

Second. It was of the utmost importance that the jury should be instructed accurately with reference to their consideration of the evidence and what constitutes a preponderance of it. Appellee was the only witness on her side of the case as to how the accident happened, and opposed to her was a large number of witnesses who, if we except the employes, were entirely disinterested and told a story essentially and absolutely contradicting hers. Was it proper to give for plaintiff the instruction above set forth, and especially the last part of it? Thereby the jury were told that if, after considering all the evidence, they believed the testimony of any witness as to certain facts, then they should find accordingly. Find what accordingly? The instruction does not say and it is difficult to tell, unless it means that the jury are to find as facts what the witness, whom they believe, has testified to. Suppose, however, they also believe another witness who has testified concerning the same matters, but somewhat differently. The instruction would then disable them from performing their peculiar function of reconciling or seeking to reconcile the differing testimony of the various witnesses.

Again it is the duty of the jury to find the ultimate facts, which in this case were whether the plaintiff exercised ordinary care and whether the defendant was negligent. As to these there is not and can not be any express, direct testimony. The jury must infer them from the entire proof. They can not do so if in obedience to the instruction they find as facts the testimony of each credible witness. The instruction leaves no room for inference.

Moreover, it is an invasion of the province of the jury.

It is not for the court to say that the jury, if they believe a witness, shall find accordingly. They may believe him and yet be largely and properly influenced in their conclusions, from all the proof, by the testimony of others. This they are prevented from doing if they follow the court's mandate.

Standing by itself, the first part of the instruction is unobjectionable. It is the law that "the preponderance of the evidence does not necessarily depend entirely upon the number of witnesses testifying on either side of the case." It is equally the law that "the jury are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony." Having so informed the jury the instruction proceeds to tell them that if, after considering all the evidence, they believe the testimony of any witness, then they should find accordingly, although such testimony is not corroborated and is denied by other witnesses. Taking the entire instruction together and bearing in mind the existing situation as to the number of witnesses for either side, the instruction, notwithstanding its use of the phrase "any witness," unmistakably points to the plaintiff and would be so understood by the jury. If that was not the intention, why add the words "although denied and not corroborated?" There was only one witness who was not corroborated and was contradicted on the vital questions of fact in the case, and that was the plaintiff. In effect the instruction was the same as if it had read: "If, after considering all the evidence, you believe the testimony of the plaintiff, you will find accordingly."

One can not accomplish by indirection what he is forbidden to do directly.

The judgment is reversed and the cause remanded.