## City of Earlville, Appellee, v. James S. Radley, Appellant.

### Gen. No. 4,891.

1. DEFINITIONS—*"penalty."* While "penalty" may sometimes be used to mean punishment by personal confinement or suffering, yet it usually means the exaction by law of the payment of a sum of money as punishment.

2. ORDINANCES—*power of city council to enact ordinance fixing penalty for member of council absenting himself from meeting.* *Held,* that a city council has power to pass an ordinance providing for a fine to be imposed upon a member who absents himself from any meeting of the council, and such a fine may be imposed pursuant to such an ordinance notwithstanding the member may not have been notified to attend the particular meeting in question; such an ordinance is valid and enforceable even though the attendance of the particular member was not required to make a quorum, as either a majority or a minority has power to compel the attendance of absentees.

3. ORDINANCES—*when proof of existence sufficient.* A book published by authority of the city council which contains a particular ordinance is *prima facie* proof of the existence of such ordinance, and such ordinance is presumed to have continued in existence until the contrary is shown.

Action commenced before justice of the peace. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge,

presiding.   Heard in this court at the October term, 1907.   Affirmed.   Opinion filed April 22, 1908.

**Statement by the Court.**   Appellee had judgment for $4 against appellant, an alderman, for failure to attend four meetings of the city council, being $1 for each meeting, and this is an appeal by said alderman from said judgment.

Chapter one of the revised ordinances of the city of Earlville is entitled: "An ordinance regulating sessions of the city council." Section 5 of said chapter reads as follows: "Any member absenting himself from any of the meetings of the same, may be fined the sum of one dollar, unless for some good reason he shall be excused by the city council, which fine, with the costs of the proceedings may be collected by suit, to be commenced before the police magistrate in the name of the city of Earlville." On April 19, 1904, a city election was held in said city, and afterwards the returns were canvassed at a meeting of the city council and appellant was declared elected alderman from the second ward, which was in fact a re-election. Appellant participated in the canvass. The term of office was two years. (Section 3 of article 3 of the act for the incorporation of cities.) Section 1 of said chapter 1 of said revised ordinances fixes the first Monday of each month at 7:30 o'clock P. M. for the regular meetings of the city council, at such place within the city limits as the city council may from time to time direct. The city council met in regular session on July 3, 1905, with all the members present. Appellant took part in the proceedings. The city council consisted of the mayor and six alderman. (Sections 1 and 2 of article 3 of said act for the incorporation of cities.) Upon roll calls upon the confirmation of appointments by the mayor to the offices of street superintendent, public engineer and fire marshal, the vote was a tie, appellant being one of those voting not to confirm. The city council then adjourned to Friday evening, July 7. At that adjourned meeting the

three aldermen who had voted not to confirm were absent, including appellant. The city council then adjourned to Friday, July 14. At that adjourned meeting said three aldermen were again absent. At the next regular meeting on August 7, said three aldermen were again absent, and the city council adjourned till Wednesday evening, August 9. At that adjourned meeting the same three aldermen were again absent. There was no quorum present at any of said four meetings. At the meeting of August 9 a motion was made and unanimously adopted that said three aldermen, including appellant, be fined $1 each for each meeting from which they had been absent, specifying the adjourned meetings of July 7 and 14 and the regular meeting of August 7, and the adjourned meeting of August 9, the fines to be paid within three days from date. The city council then adjourned till Monday, August 14. At that meeting all the members were present and appellant took part in the proceedings. The facts above stated appear from the records in evidence. On August 14, but whether before or after the meeting does not appear, a summons was issued by the police magistrate at the suit of the city against appellant and said summons was served the next day. Appellant did not appear at the return day, and the city had judgment for $4 and the costs. We find nothing in the record before us to show that appellant ever appealed from that judgment, but a transcript thereof was afterwards filed in the Circuit Court of LaSalle county, and each party appeared, a jury was waived, the cause was tried in the Circuit Court and appellee had judgment for $4 and costs as above stated.

JAMES J. CONWAY, for appellant.

GEORGE S. WILEY and BROWNE & WILEY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The validity of the ordinance is the main question in-

volved. The act of 1872 to provide for the incorporation of cities and villages is the charter of the powers of the city of Earlville and of its city council. The 96th paragraph of section 1 of article 5 thereof gives the city council power "to pass all ordinances, rules, and make all regulations proper or necessary to carry into effect the powers granted to cities or villages, with such fines or penalties as the city council or board of trustees shall deem proper; provided, no fine or penalty shall exceed $200, and no imprisonment shall exceed six months for one offence." Section 9 of article 3 of said act authorizes the city council to prescribe by ordinance the times and places of the meeting thereof. Section 7 of said article 3 authorizes the city council to determine its own rules of procedure and to punish its members for disorderly conduct. Section 8 of article 3 is as follows: "A majority of the aldermen elect shall constitute a quorum to do business, but a smaller number may adjourn from time to time, and may compel the attendance of absentees, under such penalties as may be prescribed by ordinance."

1. While it may well be that the city council could order the city marshal, if it had such an officer, to bring in the absentees, yet it is evident that said section 8 gives further power than that. The minority is authorized to compel the attendance of absentees "under such penalties as may be prescribed by ordinance." While "penalty" may sometimes be used to mean punishment by personal confinement or suffering, yet it usually means the exaction by law of the payment of a sum of money as punishment. Anderson's Law Dictionary, title "Penalty." Webster says: "The term 'penalty' is mostly applied to a pecuniary punishment." It is so used in paragraph 96 above quoted from said act, which enacts that no penalty shall exceed $200 and that no imprisonment shall exceed six months. It follows that when by said section 8 of article 3 authority was given to "compel attendance of absentees under such penalties as may be pre-

scribed by ordinance,'' authority was thereby given to inflict pecuniary penalties by ordinance upon members of the city council who are absent from its meetings. Of course, a pecuniary penalty does not secure attendance, but its enforcement has a tendency to that result, and the statute intended to authorize the enforcement of a pecuniary penalty for that purpose. The ordinance above stated fixed the time and place of the regular meetings and provided a fine, which means a penalty, of $1 against a member of the city council absenting himself from any meeting thereof, to be collected by suit before the police magistrate of the city. This was such a penalty as the statute authorized. Appellant was mayor when that ordinance was adopted, and as mayor he approved it.

2. It is contended that there is no proof that this ordinance was still in force when its alleged violation took place. From the book of revised ordinances appellee offered in evidence the cover, the title page, the last page and the pages containing the sections of the chapter concerning the meetings of the city council relied upon. These show that the book was published in 1887 by authority of the city council, and that the ordinances were adopted in December, 1886. When a state of things or a fact is shown to exist, the presumption is that it continues till it is shown to have ceased. 1 Greenleaf on Evidence, sec. 41; Butler v. Chaplin, 28 Ill. 230, 234; Western Stone Co. v. Whalen, 151 Ill. 472, 482. This presumption was applied to a city ordinance in St. L., A. & T. H. R. R. Co. v. Eggmann, 60 Ill. App. 291, 161 Ill. 155; C., C., C. & St. L. Ry. Co. v. Bender, 69 Ill. App. 262.

3. It is argued that said section 8 of article 3 only relates to an attendance necessary to secure a quorum, while the ordinance authorizes a fine even if the absence did not break a quorum, and that therefore the ordinance is broader than the statute and is invalid. The statute does not say ''may compel the attendance of absentees for the purpose of securing a quorum,''

but it authorizes the city council in general terms to
compel the attendance of absentees. If the minority
may compel attendance, certainly the majority may
also do so. The infliction of a pecuniary penalty has
no tendency to bring in the member during that par-
ticular meeting, but it is the fact that such a penalty
can be inflicted, or its infliction for a past offense,
which tends to cause future attendance. The penalty
is required to be fixed by ordinance, and the minority
cannot pass an ordinance. Therefore the statute
means to authorize the majority to pass an ordinance
prescribing penalties for future absentees, and the
words of the statute do not limit this authority to ab-
sence which breaks a quorum. But if the statute
would not authorize such a penalty when such absence
did not break a quorum, the absence here complained
of did break a quorum, and the ordinance would be
valid as applied to this case.

4. It is argued that said section 8 of article 3 is
not intended to authorize punishment till the member
refuses to attend after the minority has ordered him
to attend that particular meeting. The statute does
not require that a member shall be notified to attend
a particular meeting before the penalty can be in-
flicted for his absence. Such a requirement would de-
feat the remedy, for a member, intending to remain
absent, could easily place himself where an officer sent
by the city council could not find him.

5. It is argued that appellant is not liable to this
penalty because he received no notice of these meet-
ings. He was present at the regular July meeting.
He knew to what time it adjourned. It was his duty
to be present at that adjourned meeting. If he had
been present then, he would have learned the time
fixed for the second adjourned meeting. The time for
the regular August meeting was fixed by ordinance,
and it was his duty to attend it without notice. If he
had attended that meeting, he would have known the
date of the next adjourned meeting. He did not offer

to prove that he was ignorant of the time when these meetings were to be held. These were not special meetings. As to special meetings, section 3 of said chapter 1 of said revised ordinances required twenty-four hours' notice to each member, but neither statute nor ordinance required notice to aldermen of regular meetings, the time for which is fixed by ordinance, nor of adjourned regular meetings. An adjourned regular meeting is but a continuance of the regular meeting, and members are presumed to have knowledge of the time for holding the regular stated meetings. 15 Am. & Eng. Encyc. of Law, 1034, 1035.

6. It is argued that the ordinance is unreasonable because it vests in the city council an unregulated discretion to excuse or not to excuse the absent member, without fixing what shall be a ''good reason'' for such excuse, and that to make the ordinance reasonable the conditions should have been prescribed which would constitute a sufficient excuse. Appellant was present and participated in the next meeting after these absences, and did not ask an excuse, and did not offer any excuse in the trial in either the justice court or the Circuit Court. It would therefore seem that this question is not raised upon this record. But if it were, it must be determined against appellant. A city council has the power to settle all pending controversies affecting the city. It may compromise or abandon all doubtful controversies. Agnew v. Brall, 124 Ill. 312; City of Lewiston v. Hummell, 38 Ill. App. 326. It follows that the clause in the ordinance of which this complaint is made only re-enacted a power which the city council already possessed, and if it had been omitted the city council still had power to excuse the member for whatever it regarded as a sufficient cause. The power to hear the excuses of absent members, and to accept or refuse to accept the excuses, is believed to be common to all legislative bodies.

7. It is argued that this ordinance deprives the court of power to excuse appellant. This question we

do not consider raised upon the record, as appellant did not offer any proof tending to show any reason for his absence. But we do not concede that under this ordinance the court was bound to impose a fine, regardless of any valid reason appellant might show for failing to be present. If, by way of illustration, he had shown that at the time of these meetings he was dangerously ill and physically unable to leave his bed or his home, we do not doubt that the court would have been authorized to hold that while the ordinance was reasonable, as generally applied, yet that it would be unreasonable to impose a fine under such circumstances, and that the law did not require the impossible.

8. Some oral proof of the contents of records was introduced, but it was afterwards excluded, and it was not harmful even if not excluded. Where a case is tried without a jury the admission of incompetent testimony is not reversible error, if the competent proof justifies the judgment. In such case the court is presumed to have based its judgment upon the competent testimony. Palmer v. Meriden Brittania Co., 188 Ill. 508; Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61; Foltz v. People, 118 Ill. App. 557.

9. The statute and ordinance here involved· were enacted to compel the performance of a duty which the public has a right to require. Appellant was elected alderman, and he accepted that office. The public then became entitled to have him discharge the duties of that office. As was said in People v. Williams, 145 Ill. 573: "It is essential to the public welfare, necessary to the preservation of government, that public affairs be properly administered; and for this purpose civil officers are chosen, and their duties prescribed by law. A political organization must necessarily be defective, which provides no adequate means to compel the observance of the obvious duty of the citizen, chosen to office, to enter upon and discharge the public duty imposed by its laws, and neces-

sary to the exercise of the functions of government.''
In Nagle v. Wakey, 161 Ill. 387, speaking of an office
which, under our township organization law, subjects
the person elected to a penalty if he shall refuse to
serve, the court said: ''the purpose of that penalty
is to enforce the acceptance of the office, and its pay-
ment does not discharge one elected to a town office
from the duty of acceptance and performance.   He
must yield to the public welfare, and the office is re-
garded as a burden, which he is bound, in the inter-
est of the public, to bear, to the end that the govern-
ment may be carried on.''

In People v. Election Comrs., 221 Ill. 9, the court,
on page 21, said: ''The voters have the right to
choose any eligible person, and he owes a duty to the
public to qualify and serve.''   The statute and the
ordinance here in question are therefore fitted to en-
force the fixed public policy of this state to require
one who has accepted a public office to serve the pub-
lic in that capacity and to perform the duties of that
office.   If the ordinance had fixed an oppressive penalty
the courts would declare it unreasonable, but the
penalty here prescribed is very moderate.   The court
properly refused the propositions of law tendered by
appellant.   We find no reversible error in the record.
The judgment is therefore affirmed.

*Affirmed.*