BURGESS v. MAZETTA MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

No. 1,874.

PLEADING (§ 204*)—DECLARATION—COUNTS—DEMURRER.

    If any count in a declaration is good, a general demurrer to the whole declaration is unsustainable, unless the court sustains it in part and overrules it in part; and this is also true where matter divisible in its nature is alleged by different paragraphs in the same count, which states an additional cause of action of the same nature.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Aaron S. Burgess against the Mazetta Manufacturing Company. From a judgment sustaining a demurrer to the declaration, plaintiff brings error. Reversed and remanded, with directions.

Harry S. Mecartney, for plaintiff in error.

Sidney S. Gorham, Henry W. Wales, and John S. Stevens, for defendant in error.

Before KOHLSAAT and MACK, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. This record presents a question of pleading. The action is libel. The declaration in two counts was demurred to. First a general demurrer was filed, and this was followed by 16 special assignments of demurrer to the declaration and to each count thereof. Each count of the declaration charges matter libelous per se, and also adds elements not actionable per se, but claimed by innuendo to have a libelous meaning.

The special assignments of demurrer were all directed to the matter in various form charged by innuendo, and it was within the power of the trial court, if the court found a portion of the words libelous per se, and other portions obnoxious to demurrer, to have made the judgment accord with the truth, and sustain the special demurrer and overrule the general demurrer; but the record shows the order "that the demurrer be, and the same is, hereby sustained." Plaintiff elected to stand by his declaration, and judgment for costs was rendered in favor of defendant. The effect of this ruling was to sustain, not only the special assignments, but the general demurrer as well.

Counsel divide squarely on the issue thus presented. Plaintiff contends that, if any portion of any count shows a cause of action, the general demurrer should have been overruled; and defendant contends that, if any portion of any count is bad, the general demurrer as to such count must be sustained. We think the plaintiff's contention must prevail. It is elementary that, if any count in a declaration is good, a general demurrer to the whole declaration must be over-

ruled, unless the court shall make the ruling speak the whole truth by sustaining in part and overruling in part.

Upon reason and authority the same principle controls where matter, divisible in its nature, is alleged by different paragraphs of the same count and states an additional cause of action of the same nature. The rule which applies is, "Utile per inutile non vitiatur." Lusk v. Cook, 1 Ill. 84; Brady v. Spurck, 27 Ill. 478. This is the Illinois rule, and we think is the generally approved rule, though some courts hold otherwise.

The declaration, without those parts which charge by innuendo, states a good cause of action. The additional parts are surplusage, and do not make the declaration bad.

Reversed and remanded, with direction to proceed in accordance with the view herein stated.