## Frank N. Wood, Appellant v. Illinois Central Railroad Company, Appellee.

### Gen. No. 18,811.

1. CARRIERS, § 447*—*when instruction to disregard count alleging different acts of negligence improper.* Where a count in plaintiff's declaration charged that as the train on which he was a passenger approached the station at which he desired to alight, such station was announced by the trainmen, and "said train was then and there stopped or the speed thereof so slackened that its moving was imperceptible," it being dark, that the trainmen "negligently failed to direct, warn or assist plaintiff in alighting from said train," and as a result he fell under the wheels and was injured, it was error to direct the jury to disregard such count entirely, although other allegations therein charging the negligent jolting of the train were not substantiated.

2. NEGLIGENCE, § 133*—*proof of one or more allegations of negligence as sustaining recovery.* If any of several charges of negligence contained in the same count of a declaration are sufficiently pleaded to show a cause of action and are sustained by the evidence, a recovery may be had, although the other charges are not proved.

3. TRIAL, § 213*—*instructions to disregard counts.* Where some of the allegations of negligence in a count were sustained by the evidence, an instruction to "disregard entirely" such count is prejudicial, in that the jury might infer therefrom that all the allegations in such count, as well as the facts shown to sustain the same, were not to be considered by them.

4. INSTRUCTIONS, § 14*—*undue repetition.* The giving of a number of instructions concluding with a direction to return a verdict of "not guilty" and unduly emphasizing by frequent repetition certain principles of law, *held* prejudicial.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 5, 1914. Rehearing denied February 16, 1914.

HARRY S. MECARTNEY, for appellant.

CALHOUN, LYFORD & SHEEAN, for appellee; JOHN G. DRENNAN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an action for damages for personal injuries sustained by Frank N. Wood, plaintiff below, on September 18, 1903, as he was alighting from a train of the Michigan Central Railroad Company, running upon the tracks of the defendant below, Illinois Central Railroad Company, at or near the station of the defendant in Chicago, known as "39th Street." On a second trial of the case the jury, on July 10, 1912, returned a verdict finding the defendant not guilty, and on the same day the court, after denying plaintiff's motions for a new trial and in arrest of judgment, entered judgment in favor of the defendant, from which judgment this appeal is taken.

The first trial of the case was had in October, 1909, and at the conclusion of plaintiff's evidence the court instructed the jury to find the defendant not guilty and entered judgment in its favor. On appeal to this court, Branch B. thereof reversed the judgment and remanded the cause for a new trial. An exhaustive statement as to the details of the accident is contained in the opinion of Mr. Presiding Justice Baldwin (167 Ill. App. 644), to which we refer.

At the conclusion of the hearing of all the evidence on the second trial, which except in some particulars was practically the same as on the first trial, the attorneys for the defendant renewed their motion, made at the close of plaintiff's evidence, that the jury be instructed to find the defendant not guilty but the court denied the motion. At the conclusion of the arguments to the jury, the attorneys for the defendant made four separate motions relative to the four counts of plaintiff's declaration. The first three of these motions were, respectively, that the jury be instructed to disregard entirely the second, third and fourth counts of the declaration. These motions were severally denied. The last of these motions was to the

same effect as to the first count. This motion was granted, and the court instructed the jury "to disregard *entirely* the first count of plaintiff's declaration."

It is here urged by counsel for plaintiff that the giving of this instruction was prejudicial error.

The first count, after stating that the defendant was a railroad corporation, and the owner of a railroad, including the right of way, tracks, platforms, stations or alighting places in Chicago, one of these stations or alighting places being at the intersection of said railroad with 39th street, and that the Michigan Central Railroad Company, under some lease or agreement with the defendant, was then and there running and operating certain trains of cars over defendant's said railroad, alleged, in substance, that plaintiff was then and there a lawful passenger upon a certain train of said Michigan Central Railroad Company so being run and operated by it; that as such passenger he desired to alight at the 39th street stopping place, where he was informed by the operatives of said train a stop would be made for him and others to alight; that when said train neared said station the operatives called out "39th street" for passengers to alight and said train was then and there stopped or the speed thereof so slackened that its moving was imperceptible; that another train of the defendant was then and there moving in the same direction on an adjacent track; that it was dark and in the nighttime; that plaintiff naturally believed that his train had come to a standstill; that the operatives on said train, disregarding their duty in that behalf, *negligently failed to direct, warn or assist plaintiff in alighting from said train;* and so plaintiff, unwarned and unassisted, but with all due care on his part and believing that said train had stopped, started to alight from the train and stepped down to and upon the ground there; and then plaintiff for the first time discovered that said train, instead of being at a full stop, was still slowly moving,

and said train was then and there so carelessly and *negligently operated* by the crew thereof that *it jerked and jolted;* that thereby the plaintiff was thrown to the ground there and dragged under said train and car and the wheels thereof, and was run over and thereby greatly and permanently injured.

In the former opinion of this court it was said (p. 649): "The declaration, in its first count, alleged negligence on the part of the defendant in that the operatives of the train did not direct, warn or assist appellant in alighting therefrom, *and* that while he was attempting to so alight, the train was negligently jerked and jolted so as to throw appellant to the ground." It was also stated in said opinion that the second count charged that defendant "failed to provide a station properly lighted;" the third count, that defendant "failed to construct and maintain a platform and lights at 'said alighting place;'" and the fourth that said stopping place "was poorly and insufficiently lighted, and no platform maintained there."

It thus appears that in the first count there were *two* charges of negligence alleged, viz., failure to direct, warn and assist plaintiff in alighting from the train, and that, while he was attempting to alight, the train was negligently jerked and jolted. It is conceded that on the second trial the evidence did not establish that the train was jerked and jolted at that time. And that fact, as appears from said opinion of this court, page 650, was not established on the first trial. But this court substantially held, as we read said opinion, that the absence of that proof did not necessarily prevent a recovery on the other allegations contained in said count, and that it was for the jury to say whether or not, upon consideration of all the evidence and the surrounding circumstances, the defendant was negligent and plaintiff free from contributory negligence. And, under the facts as shown in the record now before us, notwithstanding that it does not appear that the train

was jerked and jolted when plaintiff attempted to alight therefrom, we are of the opinion that the trial court erred in instructing the jury to disregard said first count. "The law is, that if either of several charges of negligence contained in the same count of a declaration is sufficiently pleaded to show a cause of action, and is sustained by the evidence, a recovery may be had, although the other charges are not proved." *East St. Louis Connecting Ry. Co. v. Shannon*, 52 Ill. App. 420, 423; *Weber Wagon Co. v. Kehl*, 139 Ill. 644, 655; *New York, C. & St. L. R. Co. v. Blumenthal*, 160 Ill. 40, 47; *Vance v. Monroe Drug Co.*, 149 Ill. App. 499, 506; *City of Joliet v. Johnson*, 177 Ill. 178; *Burgess* v. *Mazetta Mfg. Co.*, 117 C. C. A. 70, 198 Fed. 855. Furthermore, we think that the use of the particular words in said instruction, viz., to "disregard *entirely*" said first count was prejudicial to the plaintiff in that the jury might infer therefrom that *all* the allegations in said count as well as the facts shown to sustain the same were not to be considered by them.

It is also urged that the instructions given to the jury were, taken as a whole, prejudicial to the plaintiff. The court gave twenty-two instructions, of which six were offered by plaintiff and fifteen offered by defendant, and one given on the court's own motion. After careful consideration of all the instructions, we have reached the conclusion that the giving of the same, as an entirety, constituted error prejudicial to the plaintiff. Of the fifteen instructions offered by the defendant and given, six concluded that a verdict of "not guilty" should be returned, and in the fifteen instructions certain principles of law favorable to the defendant were by many frequent repetitions unduly emphasized and brought too prominently to the attention of the jury. *Meachem v. Henry Hahn & Co.*, 46 Ill. App. 144, 149; *Nelson v. Chicago City Ry. Co.*, 163 Ill. App. 98, 102; *Casey v. J. W. Reedy Elevator Mfg. Co.*, 166 Ill. App. 595, 606; *Kravitz v. Chicago City Ry. Co.*,

174 Ill. App. 182, 186. And we also are of the opinion that the giving of instruction No. 13, offered by defendant, was prejudicial to the plaintiff.

For the reasons indicated the judgment of the Superior Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*