# CHICAGO CITY RAILWAY COMPANY
## v.
## CATHERINE ENGEL.

*Street Railways—Negligence—Personal Injuries—Collision with Locomotive—Crossings—Evidence—Instructions.*

1.   Carriers of passengers are required to exercise the highest degree of practicable care and diligence under the circumstances of a given case, to protect their passengers from injury.

2.   Where it is shown that a passenger in a street car was injured by reason of an accident, the burden is upon the carrier to account for the same.

3.   In an action brought to recover from a street railroad company for personal injuries alleged to have been occasioned by its negligence, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed March 10, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. C. M. HARDY, for appellant.

Messrs. ARMSTRONG, REED & DYCHE, for appellee.

Chicago City Ry. Co. v. Engel.

GARY, P. J.   The appellee was a passenger in a car of the appellants which collided with a locomotive of the Chicago & Alton R. R. Co. at the intersection of Halsted street and the track of the latter company.   She was injured in that collision, and brings this action to recover damages therefor.

Whether the servants of the appellants were negligent in going upon the crossing while the gates were being lowered, or whether the servants of the Chicago & Alton were negligent, or something worse, in lowering the gates after the car was upon the crossing, and thereby preventing escape from the crossing, were questions for the jury.

All of the instructions asked by appellants as to the measure of their duty assume, or in terms state, that they were required to use only ordinary care for the safety of their passengers.   This was, no doubt, an oversight.   The law is, and must be familiar to the counsel who tried the case, that carriers of passengers are required to exercise the highest degree of practicable care and diligence under the circumstances. The court instructed that if the collision was the result of the negligence of both companies, or of the appellants only, the appellants were responsible; if of the Chicago & Alton only, then appellants were not responsible;   *   *   *   that the burden of proof was upon the plaintiff, and she must establish her case by a preponderance of the evidence; which was much too favorable for the appellants.

That she was a passenger on their car, and that the collision happened, was not disputed.   It was for the appellants to explain or account for the accident.   G. & C. U. R. R. Co. v. Yarwood, 15 Ill. 468.

Complaint is made that the court used the words "shut car" in an instruction.

The accident occurred December 5th.   The appellee testified to being in the car, and of the windows in it.   It can not be harmful that the court assumed that the car was not an open one.   There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*