## Ferdinand Heimann v. Frank T. Kinnare, Adm.

1. NEGLIGENCE—*Persons Suing for Injuries Caused by, Must Have Exercised Ordinary Care.*—A person suing for personal injuries must show that he was at the time of the accident in the exercise of ordinary and reasonable care for his own safety, that is such care as would be ordinary and reasonable for one of his age and condition.

2. SAME—*Contributory Negligence and Ordinary Care.*—There can be no contributory negligence in contemplation of law, where there is an exercise of ordinary and reasonable care.

3. SAME—*Care Required of Plaintiff Suing for Injuries Caused by.*— There can be no recovery for injuries caused by the negligence of a defendant, if the plaintiff's negligence contributed to the injury and an instruction allowing a recovery, unless the plaintiff was guilty of a want of ordinary care which materially contributed to the injury, is erroneous.

4. TRIALS—*Accurate Rulings Required in Close Cases.*—In a very close case where the right of recovery is quite doubtful, a verdict for the plaintiff will not be sustained unless the proceedings leading thereto are absolutely free from error which might have improperly affected the jury.

5. INSTRUCTIONS—*Announcing Abstract Propositions.*—An instruction announcing an abstract proposition of law may be properly refused.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County, the Hon. JONAS HUTCHINSON, judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 1, 1898.

ARTHUR SCHROEDER, attorney for appellant.

It is the duty of the Appellate Court, in disposing of cases brought to it by appeal or writ of error, to review the facts as well as questions of law, and when it finds that a judgment has been rendered in favor of plaintiff, when the evidence was clearly insufficient to authorize a judgment, it is the duty of the Appellate Court to reverse such a judgment. Hawk v. Chicago, Burlington & N. R. R. Co., 147 Ill. 399.

In order to entitle a plaintiff to recover in an action for negligence, he must show that at the time of the injury he was in the exercise of ordinary care, and that defendant was guilty of such negligence as caused the injury. Wenona Coal Co. v. Holmquist, 152 Ill. 581; North Chicago Street R. R. Co. v. Eldridge, 151 Ill. 542; Hawk v. Chicago, B. & N. R. R. Co., 147 Ill. 399; Willard v. Swansen, 126 Ill. 381; Blanchard v. Lake Shore & M. S. R. R. Co., 126 Ill. 416; Lake Shore & M. S. R. R. Co. v. Ouska, 151 Ill. 232.

A person who, failing to use due care, blindly walks

into danger that the observance of due care would have enabled him to avoid, is guilty of contributory negligence. Chicago, Mil. & St. Paul R. R. Co. v. Halsey, Adm., 133 Ill. 248; Abend v. Terre Haute & Indianapolis R. R. Co., 111 Ill. 202; Chicago & N. W. R. R. Co. v. Kane, by next friend, 50 Ill. App. 100.

When a person knowingly puts himself· or his property in danger, there is a presumption that he *ipso facto* assumes all the risks reasonably to be apprehended from such a course of conduct. Village of Clayton v. L. W. Brooks, 150 Ill. 97.

Instructions for personal injuries caused by negligence by defendant should not ignore the question of contributory negligence, and omitting the requirement of any care or caution on the part of deceased. North Chicago Rolling Mill Co. v. Morrissey, 111 Ill. 646; Village of Sheridan v. Hibbard, 119 Ill. 307.

J. G. Grossberg and C. Peters, attorneys for appellee.

A boy thirteen years of age is only required to use that care for his own safety which children of his age, capacity, and intelligence are capable of exercising. City of Pekin v. McMahon, 154 Ill. 141; Baltimore & O. S. W. R'y Co. v. Then, 159 Ill. 538; Chicago Anderson Pressed Brick Co. v. Reinneiger, 140 Ill. 334; Chicago & N. W. R. R. Co. v. Hansen 69 Ill. App. 17, s. c., 166 Ill. 623; Illinois C. R. R. Co. v. Reardon, 56 Ill. App. 542; s. c., 157 Ill. 372.

To raise the question of the sufficiency of the evidence to support a verdict, defendant must demur to the evidence at the close of the plaintiff's case and request the court to instruct the jury to find for the defendant then, and at the close of all the evidence. Illinois C. R. R. Co. v. Reardon, 157 Ill. 372.

This case is in all essential respects like the case of City of Pekin v. McMahon, 154 Ill. 141.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Appellant was one of the owners of a tract of land located in the city of Chicago, used as a brick yard, and having within it an excavation called a clay-hole, some two hundred feet long by one hundred to one hundred and fifty feet wide. This hole was partly filled with water, and on December 23, 1893, was covered with ice. The ice was in a rotten and weak condition. The premises were uninclosed. Plaintiff's intestate, a lad of thirteen years, started out with a younger brother to try the ice, to test its safety for skating. As he approached the place he ran down a steep bank and out upon the ice some twenty-five to fifty feet, where the ice broke under him and he was drowned. This suit was brought to recover damages by reason of his death, and the negligence alleged as the proximate cause of the death, was the permitting of the premises in question to be uninclosed.

The errors assigned and argued in briefs of counsel relate to instructions. One of the instructions given was as follows:

"The court instructs the jury, that if they believe from the evidence, that the deceased might in the exercise of ordinary care and caution, have seen the danger and avoided it, and that his omission to do so, if you believe from the evidence he did omit to exercise ordinary care and caution for his own safety, contributed materially to his death, then he was guilty of such negligence as will prevent a recovery in this case, unless the jury further find from the evidence that the death was caused by the willful, intentional, or wanton, reckless acts of the defendant. The degree of care and

caution required is such a degree of care and caution as a boy of the age and intelligence of deceased would naturally exercise under like circumstances."

This instruction was presented by appellant, but was modified by the court, and the word "materially" was inserted. The instruction as modified is erroneous.

The well established rule, in cases like the one here, is that in order to permit a recovery by plaintiff, his intestate must have been in the exercise of ordinary and reasonable care for his own safety, i. e., such care as would be ordinary and reasonable for one of his age and condition. Lake S. & M. S. R. R. Co. v. Hessions, 150 Ill. 546; City of Lanark v. Dougherty, 153 Ill. 163.

There can be no contributing negligence, in contemplation of law, where there is an exercise of ordinary and reasonable care. North C. St. R. R. v. Eldridge, 151 Ill. 549.

To tell the jury that although the intestate was not in the exercise of such care, and the lack thereof contributed to his death, yet the plaintiff might recover if the jury found that the want of such care was not material, is to permit the jury, in their discretion to disregard the rule of law. This can not be permitted. Cicero & Prov. St. R'y Co. v. Snider, March term, 1897, this court (not yet reported); Chicago City R'y Co. v. Carnevin, 72 Ill. App. 81.

The question of the liability of appellant is a matter of grave doubt.

Under the facts disclosed, there would be no liability in relation to adults, who were trespassers upon the premises. The exception is in favor of children only, and it is only in relation to children, lacking the discretion of adults, that a liability may be imposed. City of Pekin v. McMahon, 154 Ill. 141.

Whether this lad, thirteen years of age and sufficiently conversant with the dangers of the situation to

start out with the avowed intention of testing the ice as to its safety, can, as a matter of fact, be brought within the class of children, who, in lack of discretion, wander into uninclosed premises, or are allured to enter by the surroundings, is a question admitting of much doubt. A verdict by a jury finding that he was of this class will not be sustained unless the proceedings leading to such verdict are absolutely free from any error which might have improperly guided the jury in reaching it. That the law as to contributory negligence was elsewhere properly given, in a number of instructions, can not avail, for we are not prepared to hold that the jury were not led to the result reached by the one instruction in question.

The first instruction for plaintiff, inasmuch as it directs as to negligence of defendant, should have also directed as to negligence of the intestate.

The court did not err in refusing the instruction, which announced an abstract proposition of law.

For the error in the giving of the modified instruction above set forth, the judgment is reversed and the cause remanded.