Elwood v. Chicago City Ry. Co.

---

## Agnes T. Elwood v. Chicago City Ry. Co.

| 90 | 397 |
| e100 | ³262 |
| 90 | 397 |
| 107 | ³226 |

1. JURY—*Province of—Conflicting Evidence.*—Where the evidence is conflicting it is for the jury to determine whether the facts necessary to a recovery are established by a preponderance of the evidence.

2. INSTRUCTIONS—*Improperly Emphasizing Words.*— In an action for personal injuries, an instruction with the words "not guilty" printed in letters larger than the remainder of the instruction should not be permitted.

3. SAME—*Assuming a Want of Due Care, Caution and Vigilance.*—

An instruction which states that if the plaintiff by the use of due caution and vigilance on her part could have done anything which would have prevented the accident and injury in question, then she can not recover and your verdict should be not guilty, is bad as stating an incorrect rule of law.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard at the March term, 1900, of this court. Reversed and remanded. Opinion filed July 16, 1900.

W. E. BROWN, attorney for plaintiff in error.

WM. J. HYNES and S. S. PAGE, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was brought by plaintiff in error, seeking to recover damages for an injury received, it is alleged, through negligence of defendant in error while alighting from a car of the defendant in error upon which she was a passenger.

The trial resulted in a verdict and judgment thereon for defendant in error. Inasmuch as the judgment must be reversed for error in the giving of instructions, it is unnecessary to discuss the evidence, except to state that it is such that we can not say that a recovery, if had, might not have been sustained. Nor would we feel warranted in disturbing this judgment had the verdict been reached without error of procedure. The evidence was conflicting, and it was for a jury to determine whether facts necessary to a recovery were established by a preponderance of the evidence.

The errors assigned and argued relate to the exclusion of evidence and the refusal, the giving, and the modifying of instructions proffered. ·

We will not discuss the rulings upon evidence in detail. It is enough to say that we are of opinion that there was no error in this behalf. Several of the questions excluded had been already answered once, which was enough. Oth-

ers were presented in rebuttal and went to the case in chief, and the decision of the court, as a matter of discretion, was not apparently in abuse of such discretion.

The modification of the fifth instruction was proper. It consisted of the insertion of the words, " and that the plaintiff was free from any negligence which contributed to the injury." N. C. S. R. R. Co. v. Eldridge, 151 Ill. 542; C. C. Ry. Co. v. Canevin, 72 Ill. App. 81; C. & P. St. R. Co. v. Snider, 72 Ill. App. 300; Heimann v. Kinnare, 73 Ill. App. 184.

The ninth instruction tendered by plaintiff in error and refused by the court, was properly refused. It directed the jury that they were to measure the duty of a common carrier of passengers by the rule that it must exercise the highest degree of care, skill and diligence for the safety of its passengers, which is " proper and consistent with the efficient use and operation of the cars." The qualification should have been " practicable " instead of " proper." What a jury might regard as " proper " in this connection is problematical. The qualification of " practicable " should not have been omitted from this instruction, nor should the qualification of " proper " have been substituted in lieu of it.

The element of practicability is an essential to the rule. Tuller v. Talbot, 23 Ill. 357; P., C. & S. L. R. Co. v. Thompson, 56 Ill. 138; C. & A. R. R. Co. v. Pillsbury, 123 Ill. 9; C. & A. R. R. Co. v. Arnol, 144 Ill. 261; C. C. R. R. Co. v. Engel, 35 Ill. App. 490; P. & P. R. R. v. Greso, 79 Ill. App. 127.

It is complained that the court erred in instructing the jury that the burden of proof rested upon the plaintiff to show that there was negligence of the defendant as alleged which caused the injury. As applied to the case presented the instruction was proper. This is not a case where the injury to the passenger appears conclusively to have resulted from the abuse of agencies wholly within the control of the carrier, from which, and from the mere fact of the injury itself, it might be inferred that there was negligence of the carrier. Here the agencies which might have caused the injury were not all within the control

of the carrier, for the very question of fact submitted to the jury was, did the agency of the passenger or the agency of the carrier cause the injury. Hence the burden of proof did rest upon the plaintiff, and the instruction was properly given. C. C. Ry. Co. v. Rood, 163 Ill. 477; C. C. Ry. Co. v. Cutlin, 70 Ill. App. 97.

The 34th instruction given at request of defendant in error was inapt to the case, and was evidently given through inadvertence. It had no relevancy whatever to the cause on trial, and should not have been given.

In several of the instructions given the words "not guilty" were printed in letters larger than the remainder of the text. An instruction containing any words thus emphasized should not be given. There was also a considerable amount of repetition in the instructions, which should not be permitted. But the most serious error, and that which of itself necessitates a reversal of the judgment is the giving of the 21st and 29th instructions tendered by the defendant in error. The 29th instruction is as follows:

"The court instructs you that if you find from the evidence that the plaintiff by the use of due care, caution and vigilance on her part could have done anything which would have prevented the accident and injury in question, then she can not recover and your verdict should be not guilty."

This instruction is bad, in that it assumes a want of due care, caution and vigilance upon the part of the plaintiff. It is also bad as stating an incorrect rule, for there were many things which the plaintiff might have done while exercising ordinary care which would have avoided the injury, such, for instance, as remaining at home, and yet was not bound to do in order to be in the exercise of ordinary care and to be entitled to recovery for the negligence of others.

The 21st instruction is subject to like criticism, in that it assumes a lack of "ordinary care and prudence" upon the part of the plaintiff.

For the giving of these two instructions the judgment must be reversed and the cause remanded. Counsel for plaintiff in error has taken occasion in his printed argu-

ment to indulge in a tirade of abuse of the learned judge who presided at the trial of this cause. This court might well have granted a motion, had there been one, to strike the offensive briefs from the files. Such practice upon the part of counsel can not be too strongly condemned. Happily, few members of this bar ever seek to indulge in it. The judgment is reversed and the cause is remanded.