JOHN M. HARVEY

*v.*

THE CHICAGO AND ALTON RAILWAY COMPANY.

*Opinion filed April 17, 1906.*

1. INSTRUCTIONS—*when instruction as to duty of care between carrier and passenger is not misleading.* An instruction to the effect that the rule of law which requires a carrier of passengers to exercise the highest degree of care for their safety consistent with the practical operation of its railroad does not "in any degree" excuse passengers from the duty of exercising ordinary care for their safety, is not misleading in using the words "in any degree."

2. SAME—*instruction referring to "material allegations" is not harmful.* An instruction which requires the plaintiff to prove the "material allegations" of his declaration, or some count thereof, by a preponderance of the evidence, and if he fails to do so, or if the evidence is equally balanced or preponderates in favor of the defendant upon any point "material" to the plaintiff's case, to find for the defendant, is not harmful, where the jury have not been improperly instructed as to what are the material points and the material allegations.

3. SAME—*when instruction has a sufficient basis in the evidence.* Testimony of witnesses that they saw the plaintiff fall from the train is, without regard to its truth, sufficient basis for an instruction holding that the plaintiff could not recover if the jury believed, from the evidence, that he accidentally fell from the steps of the car without any fault or negligence on the part of the defendant, even though such accident occurred without any negligence on the part of the plaintiff.

4. SAME—*what does not amount to undue emphasizing of an instruction.* Whether an instruction requested just as the jury were about to retire, and which under the rules of the court is too late, shall be given or refused for that reason is a matter resting with the trial judge, and the fact that he first marks it "Refused; not presented in time," but afterwards marks it "given" and reads it to the jury, does not unduly emphasize the instruction.

5. SAME—*when instruction does not emphasize particular fact.* An instruction stating that if the jury believed, from the evidence, that the station platform, in all its parts, was not lighted but that such lack of light did not contribute to the plaintiff's injury or that there was sufficient light where the plaintiff alighted, then it was immaterial whether other portions of the platform were sufficiently

lighted or not, does not unduly emphasize a particular part of the alleged negligence of the defendant.

6. EVIDENCE—*when refusal to allow question is proper.* Where a witness testifies that some time after the injury plaintiff told him that he did not know about bringing suit because he was partly to blame for the accident, it is not error to refuse to permit the plaintiff to state, in rebuttal, whether that conversation was before he had had advice of counsel and knew the rights of passengers alighting from trains, since any mistake he might have made in making the statement would be one of law and not of fact, and would make no difference as to the force of his statement.

7. APPEALS AND ERRORS—*the Appellate Court's finding of facts is conclusive.* A finding by the Appellate Court, based upon unquestioned evidence, that the conductor expressly warned the plaintiff not to alight until the train stopped, and that the light afforded by the lanterns carried by the conductor and brakeman was sufficient to enable the plaintiff to have seen the platform and assured himself that the train had stopped had he exercised ordinary care for his safety, is conclusive on the Supreme Court in determining the questions of law raised on appeal.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

This is an action on the case commenced in the circuit court of McLean county by appellant, against appellee, to recover for injuries alleged to have been sustained by him while a passenger on the appellee's train. The negligence charged in the declaration was the failure to keep a certain station platform properly lighted so that passengers might safely alight from trains; mismanagement in stopping the train before it arrived at the platform where plaintiff wished to alight, together with negligent conduct of those in charge of the train, whereby appellant was led to believe that it had arrived and stopped at the platform so that he might safely alight therefrom.

On the evening appellant was injured he became a passenger for the purpose of being carried from Minier, Taze-

well county, to Covel, in McLean county, over defendant's road. As the train approached the latter place, about eight o'clock in the evening, the station was announced by one of the trainmen. Through a miscalculation of the engineer the train first stopped a few feet west of and before reaching the platform. It immediately started up again, but as it did so appellant left his seat, went upon the platform of the car, and, while the train was still in motion, stepped upon the lower step and then to the ground. In so doing he fell and was seriously injured.

In support of his right of action appellant offered evidence tending to show that the station platform was dark, and that while he was standing upon the step of the car the brakeman called out "All right," and acting upon this statement he attempted to alight. On behalf of the appellee the evidence tended to show that no such statement was made, but, on the contrary, before appellant stepped off of the platform he was warned by both the conductor and brakeman to wait until the train had pulled up and stopped.

Upon a trial before the court and a jury the defendant was found not guilty. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed. In its opinion the Appellate Court uses the following language: "A clear preponderance of the evidence in the case shows that appellant was expressly warned by the conductor not to alight until the train came to a stop at the platform; that the brakeman did not say 'All right,' as claimed by appellant; and that the light afforded by the lanterns carried by the brakeman and conductor, the former of whom was standing within three feet of appellant on the lower step of the platform on the next car and the latter on the same platform with appellant, was sufficient to enable appellant to see the platform and assure himself that the train had come to a stop, if he had been in the exercise of ordinary care for his own safety." Without this express recital the judgment of affirmance would have been given that effect. To reverse this

judgment of affirmance a further appeal has been prosecuted to this court.

BEN L. GOODHEART, (JOHN E. POLLOCK, of counsel,) for appellant.

KERRICK & BRACKEN, (F. S. WINSTON, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Complaint is made of appellee's first instruction, which is to the effect that the rule of law that the defendant, as a carrier of passengers, was required to exercise the highest degree of care for their safety consistent with the practical operation of its railroad, does not in any degree excuse passengers from the duty of exercising ordinary care for their own safety, etc. Objection is made to the use of the words "in any degree." It is insisted that the instruction as given would incline a jury to the belief that the plaintiff was held to the highest degree of care, whereas, under the law, he was only held to ordinary care. As we understand the contention of appellant, if the words in question were omitted the instruction would state a correct proposition of law. We do not think the words complained of are capable of the interpretation put upon them by counsel for appellant. They are equivalent to the words "in any way" or "in any manner." If either of these expressions had been used, it could not be successfully claimed that the jury mere misled to the detriment of appellant. Especially is this true when that instruction is read in connection with the fifth given on behalf of the appellant, which instructed the jury that although they might believe that the plaintiff was slightly negligent in stepping from the moving train, if, under all the facts and circumstances proven in the case, an ordinarily prudent person under similar circumstances would have acted the same

as the plaintiff, then he was not guilty of such contributory negligence as would prevent him from recovering in the case. This instruction laid down the rule of law in broad terms and corrected any mere inaccuracy of language in the defendant's first instruction.

At the instance of the defendant the court instructed the jury that if the evidence was equally balanced upon any point material to plaintiff's case, or if the evidence preponderated in favor of the defendant upon any point material to plaintiff's case, their verdict must be for the defendant; also, that the plaintiff was required to prove the truth of the material allegations of his declaration, or some count thereof, by a preponderance of the evidence, and if he failed to do so the jury should find the defendant not guilty. It is contended that both of these instructions were erroneous for the reason that they required the jury to ascertain, as a question of law, what were the material allegations of the declaration. It seems to be conceded that if the court had instructed the jury as to what the material allegations of the declaration were, or had permitted the declaration to be taken by the jury to the jury room, the instruction would not have been erroneous. If the jury were ignorant and were not informed as to the material allegations of the declaration they could not have been misled by these instructions to the injury of the plaintiff. If they had been improperly instructed as to the material allegations of the declaration then there would have been cause for complaint, but in the absence of any such instruction we are unable to see how the appellant was damaged.

The seventh instruction given on behalf of appellee was to the effect that if the jury believed, from the evidence, that without any fault or negligence of the defendant the plaintiff accidentally fell from the steps of the car, even though such accident occurred without any negligence on the part of the plaintiff, then they should find the defendant not guilty. It is insisted that this instruction is not based upon any testi-

mony in the case, and therefore should not have been given. Florence Sholtey and Andrew Lesley, witnesses for the defendant, testified that they saw appellant fall from the train. While it is not material to determine whether his falling was the result of a mere accident or was caused by the jerking of the train, yet their evidence was sufficient upon which to base the instruction, and it then became a question of fact for the determination of the jury.

After the instructions had been read to the jury and the court was about to send them to their room, defendant's counsel asked the court to give its eighth instruction. The court first marked the instruction "Refused; not presented in time," but afterwards marked it "given" and read it to the jury. It is insisted that this emphasized the instruction to the detriment of appellant. Under the rules the court might have refused or given the instruction if it saw fit. It was a matter wholly within the judge's discretion, and the mere fact that it was given after the others had been read would not constitute reversible error in the absence of proof that the discretion was abused. The instruction told the jury that if they believed, from the evidence, that the station platform, in all its parts, was not lighted, but that such lack of light did not cause the injury to the plaintiff, or that there was sufficient light where the plaintiff alighted, then it was immaterial whether other portions of the platform were sufficiently lighted or not. It is claimed that it singled out one of the causes of the alleged negligence of defendant, whereas the accident was caused by a combination of circumstances; also, that it was faulty in telling the jury that if the conductor and brakeman had lanterns that was all that was necessary to relieve the company from its duty to have its platform well and sufficiently lighted. We do not think the instruction is capable of either of the interpretations thus placed upon it. It certainly cannot be contended that if there was sufficient light at the place where the accident occurred it would make any difference that the station platform in all

of its parts. was not lighted, provided such lack of light at other parts did not cause or contribute to the injury of the plaintiff.

On behalf of the defendant a witness named Kauffman testified that some time after the injury, and before the beginning of the suit, he had a talk with the plaintiff, in which plaintiff told him that he did not know about bringing suit, for the reason that he himself was partly to blame for the injury. In rebuttal, the plaintiff was asked by his counsel whether or not he had such a conversation with Kauffman, and replied that he did not remember any such conversation. He was then asked whether or not, if he had such a conversation, it was before the time he had taken advice of counsel and knew what the rights of a passenger were in alighting from a train. This question the court refused to allow the witness to answer, and that ruling is assigned as error. The advice of counsel could in no way affect or modify the force of the statement made to Kauffman. Kauffman testified that the appellant said that he (appellant) was partly to blame for the accident. Whether or not he was partly to blame was a question of fact, and he made the statement to the witness knowing all of the existing facts. It could make no difference that he was afterwards informed by counsel that under those facts he could recover. If there was any mistake it was a mistake of law rather than a mistake of fact material to the consideration of the case.

In determining the question as to whether or not there is reversible error either in the instructions or in the admission of evidence, there is one very strong element to be taken into consideration. After the consideration of all of the evidence the Appellate Court, in its finding of facts, found that the clear preponderance of the evidence showed that appellant was expressly warned by the conductor not to alight until the train came to a stop, and that the light afforded by the lanterns carried by the brakeman and conductor was sufficient to enable him to see the platform and assure himself

that the train had come to a stop if he had been in the exercise of ordinary care for his own safety. This finding is based upon evidence about which no question has been raised, and if the appellant was not in the exercise of ordinary care for his own safety and was expressly warned by the conductor not to alight until the train had stopped at the platform he could not recover. These facts are conclusively settled by the judgment of the Appellate Court and are binding upon us in determining the points raised upon the appeal. Accepting these facts as conclusively settled against appellant, the appellee company did all that it was required to do to prevent the accident.

We find no reversible error, and the judgment will be affirmed.

*Judgment affirmed.*