## Chicago City Railway Company v. Patrick J. Flynn.

### Gen. No. 12,925.

1. PASSENGER AND CARRIER—*extent of obligation of latter to former.* A railway company does not insure or guarantee the safety of passengers and is obligated only to the exercise of the highest degree of practicable care in the operation and management of its road.

2. INSTRUCTION—*as to rule of unavoidable accident held improperly refused. Held,* error to refuse to instruct the jury that the defendant would not be liable if the jury believed from the evidence that the accident was unavoidable so far as the defendant company was concerned.

3. DAMAGES—*what evidence of, too remote, in an action for personal injuries.* Income which might be derived from a coal business, which income would represent not only the individual efforts of the plaintiff but the labors of his employes and the returns upon his investment, is too remote and cannot be shown in an action for personal injuries.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed February 19, 1907.

WILLIAM J. HYNES and GEORGE W. MILLER, for appellant; MASON B. STARRING, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action for personal injuries in which ap-

pellee recovered the judgment from which the appeal is prosecuted.

Attorneys for appellant do not claim the judgment to be so manifestly against the weight of the evidence that it should be reversed on that ground, but do claim that there is such conflict in the evidence and doubt as to whether upon the facts, recovery can be properly had, as to require careful and accurate instructions upon the law applicable and the character and extent of the obligation assumed by appellant when it received appellee as a passenger, in which capacity he received the injuries complained of.

The ground upon which recovery is sought is that appellee, a man sixty-three years of age, became a passenger upon one of the street cars operated by appellant in Chicago, on 47th street; that when the car reached Wentworth avenue it came to a stop at about its usual stopping place; that appellee, who was standing on the rear platform, immediately endeavored to step from the south side of the car and that when he had one foot upon the lower step of the car and the other on or nearly on the ground, the car started suddenly forward, throwing him down and inflicting the injuries complained of. There is evidence tending to sustain this contention. On the other hand there is evidence tending to show that appellee was riding on the step of the platform as the car approached Wentworth avenue and that he jumped from the car while it was in motion, thus receiving the fall in consequence of which he was injured. The conflict in the evidence on the controverted question of fact is irreconcilable, each side claiming that its theory of the accident is sustained by the preponderance of the evidence. We are of opinion that the evidence in this record does not so conclusively settle such question of fact as to remove all doubt of the correctness of the verdict. It is therefore important to ascertain whether the jury was so accurately instructed that its findings should

be deemed not to have been improperly influenced by error in that respect.

Complaint is made in behalf of appellant that the trial court erroneously refused two of the instructions requested in its behalf. The first of these would have told the jury that it is not every injury to a passenger which makes a street railway company liable, that such company does not insure or guarantee the safety of passengers; that if the jury believed "from the evidence that at the time of the injury to plaintiff the employes of the defendant were exercising the highest degree of practicable care in the operation and management of the car in question" or that plaintiff at the time of the accident was not exercising ordinary care and prudence for his own safety, the verdict should be not guilty. We discover no reason, not even with the aid of appellee's intelligent counsel, why this instruction should not have been given. The crucial question is whether appellee was injured by negligent action of appellant's employes in starting the car before appellee could safely finish his effort to alight, or by his trying to get off in an imprudent and careless manner before the car had stopped. If the latter, the railway company was not responsible for injuries received in that way. Yet it is not at all improbable that there are jurors sometimes empaneled who do not know but what a street railway company can be and should be held responsible for injuries of a passenger whether the evidence shows the accident attributable to his own carelessness or not. If appellant deemed it advisable it was certainly proper and it may have been important to tell the jury what the law is on the points covered by the refused instruction. As said in Elwood v. C. C. Ry. Co., 90 Ill. App. 397-399: "Here the agencies which might have caused the injury were not all within the control of the carrier, for the very question of fact submitted to the jury was, did the agency of the passenger or the agency of the carrier cause the injury."

While appellee's counsel ingeniously argue that there are instructions given which substantially cover the same rules of law, we cannot concur in such view. The average jury may be composed of men all of whom are capable of the analysis made by appellee's counsel to sustain such contention, but we are of opinion that even so, appellant was entitled to have the instruction given, where as in this case the evidence is in such doubtful balance. See N. C. St. Ry. Co. v. Polkey, 203 Ill. 225-233.

The second of the refused instructions was to the effect that if the jury believed from the evidence the accident was unavoidable so far as the railway company was concerned the defendant should be found not guilty. That instruction stated correctly in substance the rule that if there was no negligence or wilful misconduct on the part of the defendant, no recovery against it could be had. I. C. R. R. Co. v. Smiesni, 104 Ill. App. 194-198. There may be cases where the refusal of this instruction might not alone be deemed reversible error, but the refusal of both of the instructions referred to, deprived the jury of information which we regard as directly bearing upon the issues they were to determine and which appellant was entitled to have given to them under the evidence in the case.

It is further contended in behalf of appellant that the trial court erred in rulings on the admission of evidence. The evidence referred to related to the earnings of appellant and have a bearing upon the amount of the verdict. The declaration alleges that at the time of the accident appellee was "engaged in the coal business in said city, from which he earned about six thousand dollars per year," and that he "has been deprived of great gains and profits he might or would have acquired." Upon his direct examination appellee was asked by his attorney: "How much did you earn from that coal yard that you ran the year before this accident?" After some discussion an objection to this

interrogatory was sustained, whereupon the question was put, "How much did you get from that business the year before this accident?" An objection to this was overruled, and the witness answered, "Between $4,000 and $5,000." He had stated that he was in the coal business about twenty years before the accident, and he testified that he used to go to the coal yard every morning and put in most of the days there and at other places; that he had to be there most of the time, and that he ran the coal yard one month after the accident and then rented it. He says he has been in no business since the accident. It appears that he had at one time conducted two coal yards, had a number of employes, and that he had leased one of the coal yards for ten years about a year before the accident. His contention is that the injury complained of compelled him to give up his coal business, causing him financial loss. There is evidence to the effect that appellee sustained a fracture of the neck of the femur, which has resulted in a shortening of that leg about an inch, and he is somewhat lame in consequence.

We are of opinion that it was immaterial how much appellee got from his coal yard business the year before the accident, and that such evidence did not furnish a correct basis upon which to estimate the loss and damage caused by the injury complained of. There is no ground in the evidence for supposing, much less assuming, that because he "got" between $4,000 and $5,000 out of the business one year he would necessarily continue to get out of it anything whatever. What he got out of the business the year before may have been, and from the evidence probably was, made up in part out of investment of capital and the labor of employes. It might have been made up for aught that appears of proceeds of some particularly favorable sale not perhaps merely of coal or merchandise, but of fixtures or appliances or rental of space or a number of things which might never occur again.

These receipts, while in a sense proceeds of the business, furnished nevertheless no sufficient basis upon which an estimate of damages from personal injuries can be made, without reference to the uncertainty of future possible profits or losses. The illustration is not inapt of the business of a stock broker who by fortunate commissions in a time of activity in certain stocks or who by fortunate speculations may have made thousands or it may be millions of dollars in one year from use of capital as well as by his own shrewdness, under conditions which a lifetime of active business might never duplicate. It would be utterly improper and unreasonable to take results of such a year's business as a criterion upon which to base an estimate of the damage suffered in consequence of a broken leg which disabled him from walking any considerable distance without giving out, as it is claimed is the result in appellee's case. The evidence was too remote and speculative. As said in Fisher v. Jansen, 128 Ill. 549-552: "What he or any other business man, however competent and skilled, might make in the future in any line of trade is too much a matter of speculation and contingency to be susceptible of direct evidence." Appellee's attorney cites C. & E. I. R. R. Co. v. Meech, 163 Ill. 305, where a painting contractor was permitted to testify to what he said was the approximate amount he made as a painter the year before the accident without regard to any special contracts. Obviously the case is not in point as authority in the case before us. Nor can the fact that a plaintiff claims in his declaration special damages by reason of loss of profits or earnings authorize the introduction of evidence which does not even fairly tend to show what loss or damage he has suffered in that respect. We are of opinion the evidence was erroneously admitted. Masterton v. Mt. Vernon, 58 N. Y. 391-395; Boston & A. R. R. Co. v. O'Reilly, 158 U. S. 334-336; Wright v. Mulvaney, 78 Wis. 89-97; Silsby v. Michigan Car Co., 54 N. W. Rep. (Mich.) 761-763. In the last cited of these cases

the plaintiff claimed as an element of damage that he had been obliged to close his shop, and sought to show what the profit of the shop had been in the past. The court held that "the loss of profits in conducting a business involving the labor of others is not a necessary consequence of personal injury to the plaintiff. The extent of his recovery upon this ground would be what his services were worth in the conduct of such a business as he was engaged in." We are not unmindful that there are cases in which evidence of the general rate of profit may be taken into consideration in awarding damages for a tort and cases where it may be shown that one is receiving a fixed compensation or wages or where the loss of profits can be ascertained with reasonable certainty. But the evidence under consideration is not of that character.

For the reasons indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*