Patrick J. Flynn, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 14,958.

TRIAL—*what argument of counsel will not reverse.* An argument as follows, though improper as not predicated upon the evidence, will not reverse where objection was sustained thereto and the damages awarded were fully warranted by the evidence:—

"I say to you, gentlemen of the jury, that his time as superintendent and manager of that business—the value of his time to that business—and that business to him, must, as a matter of common knowledge,—it couldn't have been less than four or five thousand dollars a year."

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed May 3, 1910.

GEORGE W. MILLER, for appellant; JOHN R. HARRINGTON, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

From a judgment for $3,000 rendered against it in the Superior Court, in an action on the case for personal injuries, the defendant Railway Company is prosecuting this appeal.

The case has had three trials in the Superior Court. In the first trial plaintiff obtained a verdict for $3,000 which was set aside upon a motion for a new trial. A judgment for $5,000 was rendered in the second trial, which judgment was reversed upon appeal to this court, for error in the admission of evidence going to the damages. Chicago City Ry. Co. v. Flynn, 131 Ill. App. 502.

Plaintiff was injured in alighting from an east-bound Forty-seventh street car at the southwest corner of

Forty-seventh street and Wentworth avenue in the city of Chicago. The declaration contains two counts. One count charges negligence in that when the car had about reached Wentworth avenue it stopped at about the point where defendant's cars customarily stopped to receive and discharge passengers and, while plaintiff was then and there alighting, the car was suddenly started forward by defendant's servants in charge thereof and he was thereby thrown violently to the ground. The second count stood upon a general and special demurrer at the time of the trial.

There is a sharp conflict in the evidence. Several witnesses were called on behalf of the plaintiff and their testimony tends to show that the car had stopped and that, as plaintiff was stepping off the rear platform of the car, the car suddenly started and caused him to be thrown to the ground, whereby he suffered the injury complained of. On the other hand, several witnesses on behalf of defendant testified plaintiff jumped off or stepped off the car while it was still in motion and that he therefore fell and was injured.

There is a square conflict and we are unable to say that the verdict and judgment are against the preponderance of the evidence.

Plaintiff's attorney sought to introduce evidence to show that for five years preceding his injury plaintiff had been deriving an income of about $4,500 per year from a coal business he was conducting. This evidence was properly excluded. In his argument to the jury plaintiff's attorney made use of the following language: "I say to you, gentlemen of the jury, that his time as superintendent and manager of that business— the value of his time to that business—and that business to him, must, as a matter of common knowledge,— it couldn't have been less than four or five thousand dollars a year." An objection made to this statement was properly sustained by the trial judge. It is now argued that the evil intended by the making of this statement was accomplished as soon as it had been

made and that that evil was not eradicated by the sustaining of the objection and an instruction to the jury to disregard the statement. The statement of plaintiff's attorney to the jurors that it was common knowledge, in other words a matter of which they could take cognizance because it was generally known, that plaintiff's time as superintendent and manager of his private business and the value of the business to him could not have been less than four or five thousand dollars a year was not fair argument. How that argument could possibly impress the minds of intelligent jurors is inconceivable; but it might impress the minds of unintelligent jurors. We certainly condemn it. However, it was only addressed to the amount of damages. The injuries sustained are permanent in their nature and fully warrant the amount awarded. The amount is less than the sum for which judgment was rendered in the second trial. The indications in this case are that the jury was not affected by the illegitimate argument, and we do not see our way clear to disturb the judgment because of this statement by plaintiff's attorney.

As the record discloses no reversible error, the judgment must be affirmed.

*Affirmed.*