City of Lake Forest, Appellant, v. Louis Janowitz and George Preston, Appellees.

Gen. No. 9,280.

Opinion filed April 28, 1938.

JULIUS S. NEALE, of Chicago, and PAUL MACGUFFIN, of Libertyville, for appellant.

HALL & HULSE, of Waukegan, for appellees; HARRY A. HALL and MARSHALL MEYER, of Waukegan, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The city of Lake Forest, Illinois, a municipal corporation, started suit against Louis Janowitz and George Preston in the circuit court of Lake county for damage it claimed it sustained when a city car collided with a car owned by Louis Janowitz and driven by his agent and servant, George Preston.

The complaint consists of one count. It alleges that on February 23, 1937, the plaintiff was the owner of an automobile which it was operating through its agents in a southerly direction on what is commonly known as Green Bay road, a public highway in the city of Lake Forest, Lake county, Illinois; that the defendant, Louis Janowitz, was the owner and in possession and control of a motor vehicle used by him in his business which was being operated in a northerly direction along said Green Bay road at and near 1466 North Green Bay road, by George Preston, his employee and servant; that the plaintiff, at all times in question, through its agent, was in the exercise of due care and caution for the safety of its own automobile and people rightfully present; that the defendant, Louis Janowitz, through his agent and servant, George Preston, caused his motor truck to strike, run into, and collide with the automobile of the plaintiff and damaged it.

The complaint then charges that the defendants did one or more of the following acts which caused the plaintiff's damages: ''(a) Carelessly and negligently operated their motor truck at the time and place in question. (b) Negligently failed to sound a horn or give any warning of the approach of the motor truck. (c) Negligently operated and drove the motor truck to the left-hand side of the center of said street in violation of the statute. (d) That while the plaintiff was then and there driving its automobile, through its agent and servant, at the time and place aforesaid, the defendant, through his agent and servant, having ample time and opportunity to bring his motor truck under control and to stop before running into the automobile of said plaintiff, said defendants did wantonly, wilfully and maliciously, and with conscious indifference to the property of the plaintiff and the safety of the plaintiff's automobile, operated, managed and controlled their motor truck with great force and violence into,

upon and collided with the automobile of the plaintiff and, as a direct and proximate result of said wanton, wilful and malicious misconduct of the defendants, the automobile of the plaintiff was injured and damaged, together with other property of the plaintiff.''

The city asked damages in the amount of $2,000. The defendants, Louis Janowitz and George Preston, filed an answer denying all negligence and wilful and wanton misconduct on their part. They also filed a counterclaim alleging that their automobile was damaged. The court instructed the jury to find the city of Lake Forest not guilty under the counterclaim. As there is no appeal taken from this action of the trial court, a discussion of the counterclaim is unnecessary.

After the defendants had filed their answer to the original complaint and their counterclaim, the plaintiffs filed a reply and asked leave of court to amend their original complaint by inserting a claim for $48 which it claimed it was compelled to pay to the operators of the city car, under the Workmen's Compensation Act. To this amendment, the defendants filed their answer denying the material allegations thereof. Evidence was heard and at the conclusion of the evidence the court, at the request of the defendants, instructed the jury to disregard the charge of the plaintiff that the defendants were guilty of wilful and wanton misconduct which caused the accident and damage in question. The case was submitted to the jury on the negligence counts, and they found the issues in favor of the defendants. Motion for a new trial and arrest of judgment were overruled. The court then entered judgment in favor of the defendants, and dismissed the suit at the plaintiff's costs. It is from this judgment that the case is brought to this court for review.

The evidence discloses that on February 23, 1937, a police squad car of the city of Lake Forest was being

driven by one of its policemen, Richard Baldwin, in a southerly direction on Green Bay road in the city of Lake Forest; that a grocery delivery truck belonging to the defendant Louis Janowitz and driven by his employee, George Preston, was being driven in a northerly direction on said road; that said road is 18 feet wide; that the two cars collided at, or near, a private driveway to the premises on the west side of the road; that a coal truck was being driven north and immediately in front of the defendant's truck; that plaintiff's squad car was being driven by the policeman and was chasing a speeder who was going south; that the defendant, Preston, turned his car to the left to enter the private drive on the left-hand side of the road; that he pulled out from back of the coal truck and as he was attempting to cross to the west side of the pavement, the police car struck his truck and the police car was badly damaged. There is evidence tending to show that the truck of the defendant was being driven at the rate of between 15 and 20 miles an hour, and that the police squad car was going at a speed estimated by different witnesses from 35 to 45 miles an hour.

The main contention of the appellant is that the court erred in withdrawing from the jury the question of wilful and wanton misconduct on the part of the defendants, and insist that the question was one of fact to be submitted to the jury under proper instruction. In the case of *Bremer v. Lake Erie & W. R. Co.*, 318 Ill. 11, at page 20, our Supreme Court was discussing the question of wilful and wanton misconduct and they use this language; "If there is any evidence in the record fairly tending to show such a gross want of care as indicates a willful disregard of consequences or a willingness to inflict injury, then it is a question to be determined by the jury whether the negligent conduct of the defendant amounted to wantonness or willfulness. (*Walldren Express Co. v. Krug*, 291 Ill. 472.)

What degree of negligence the law considers equivalent to a willful or wanton act is as hard to define as negligence itself, and in the nature of things is so dependent upon the particular circumstances of each case as not to be susceptible of general statement. The gross negligence which will justify the presumption of willfulness or wantonness is such as to imply a disregard of consequences or a willingness to inflict injury. (*Lake Shore & Michigan Southern Railway Co. v. Bodemer, supra.*) An intentional disregard of a known duty necessary to the safety of the person, and an entire absence of care for the life, the person or the property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal willfulness such as charges the person whose duty it was to exercise care with the consequences of a willful injury.''

After reviewing all the evidence in this case it is our conclusion that there was sufficient evidence tending to show wilful and wanton conduct on the part of the defendants, and that such question should have been submitted to the jury for their decision.

Instruction 18, given on behalf of the defendants, is relative to a larger number of witnesses testifying on one side, and this does not alone, determine that the preponderance of the evidence is on the side for which the larger number testified. Plaintiff insists that it was error in giving this instruction. We think that the instruction should have contained a statement that the number of witnesses is a proper element to be taken into consideration in deciding where the preponderance of the evidence lies.

Plaintiff's refused Instruction No. 8 is as follows: ''Any driver of a vehicle approaching an intersection with the intent to make a left turn shall do so with caution and with due regard for traffic approaching from the opposite direction and shall not make such left

turn until he can do so with safety." Plaintiff now insists that it was error for the court to refuse to give this instruction. It is not contended that there was an intersection where this accident took place, but a private drive. This instruction is not applicable to the facts in this case.

At the request of the defendant, the court gave the jury seven instructions, all relating to contributory negligence of the plaintiff. This is urged as error, not that the instructions are not in proper form, but by giving seven instructions on the same proposition of law too much emphasis is placed on one question of law and is misleading to the jury. It will be observed that the plaintiff claimed that the driver of defendant's car was negligent and it was his negligence that caused the injury in question, and the driver of the city's car was not guilty of contributory negligence. An examination of these seven instructions discloses that they are similar in substance, and state the same rule of law in different language and by doing, undue emphasis is placed on the question of the contributory negligence of the plaintiff.

It is our conclusion that the trial court erred in taking from the jury the question of wilful and wanton conduct on the part of the defendants and by giving seven instructions relative to contributory negligence.

The judgment of the circuit court of Lake county is hereby reversed and the cause remanded.

*Reversed and remanded.*