Mary Gulich and Earl L. Schoening, Coadministrators of Estate of Mary Gulich, Deceased, Appellants, v. Archer G. Ewing, Appellee.

**Gen. No. 42,408.**

Opinion filed April 20, 1943.

A. B. MANION, of Chicago, for appellants.

BURT A. CROWE, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiffs sued under the Injuries Act to recover damages for the wrongful death of Mary Gulich, who was struck by an automobile driven by defendant while she was crossing Stony Island avenue at 93rd street, Chicago, Illinois.

Deceased was 19 years of age and at the time of the accident was employed as a night waitress in a restaurant at 57th street and Stony Island avenue. It had been her custom each morning, between 3:00 and 3:30, to board a street car at 57th street, ride to 93rd street and Stony Island avenue, and there transfer to a westbound street car, to reach her home at 110 East 93rd street. She was struck on the morning of April 15, 1939, between 3:00 and 4:00 a. m., by an automobile being driven north on Stony Island avenue by defendant. There were no eyewitnesses to the accident, and defendant did not introduce any evidence at the trial. The jury returned a verdict of not guilty, upon which the court entered judgment, and from which plaintiffs have taken an appeal.

The principal ground urged for reversal is that the court erred in instructing the jury, and it is argued that the prejudicial nature of the instructions requires a reversal. At the request of defendant the court gave seventeen instructions, nine of which concluded with either the phrase, "to find the defendant not guilty," "your verdict should be not guilty," or words of similar import. Seven of these instructions related to the degree of care required of plaintiffs' intestate. Defendant says that "By reason of the complete lack of

evidence as to the actions or conduct of the defendant, and since the only evidence as to what the plaintiffs' intestate did was only that she got off the standing street car in the dark and made a run for a westbound 93rd Street car, it became necessary and proper for the Trial Court to thoroughly and completely instruct the jury as to the law,'' and his counsel argues that the instructions were justified by reason of the fact that each one laid down a well-founded proposition of law and that there was no repetition or duplication.

The courts of this State have repeatedly condemned the practice of needlessly concluding numerous instructions with phrases of the character here indicated. The vice of such a charge lies in the fact that it is ''calculated to impress the jury with the thought that the court was against the plaintiff on the question of fact and that they might readily be misled to believe that in the opinion of the court they should find for the defendant.'' *Nelson v. Chicago City Ry. Co.*, 163 Ill. App. 98. This would be particularly true in a case where no evidence is adduced by the defendant, for then the jury might be even more likely to believe that the court entertained doubt as to whether a prima facie case had been made by plaintiff and was indicating its opinion as to how the jury ought to find the issues of fact. In the *Nelson* case direction was given to the jury in each of six instructions to find the defendant not guilty. The court criticized this practice by saying: ''This is only another way of emphasizing the words 'not guilty' and is as effective, if not more so, as printing the words in large type—a practice condemned in *Elwood v. Chicago City Ry.*, 90 Ill. App. 397, 400.'' In *Wood v. Illinois Cent. R. Co.*, 185 Ill. App. 180, it was pointed out that ''Of the fifteen instructions offered by the defendant and given, six concluded that a verdict of 'not guilty' should be returned, and in the fifteen instructions certain prin-

ciples of law favorable to the defendant were by many frequent repetitions unduly emphasized and brought too prominently to the attention of the jury." The court there reached the conclusion that the giving of these instructions required a reversal, and remanded the case for retrial. Similarly in *Cohen v. Weinstein,* 231 Ill. App. 84, where of the twenty-one instructions given at defendant's request, thirteen closed with the words "then you should find the defendant not guilty" or words to that effect, the court disapproved of the practice, and reversed and remanded the cause. *Daubach v. Drake Hotel Co.,* 243 Ill. App. 298; *Williams v. Stearns,* 256 Ill. App. 425; and the more recent Appellate Court cases of *City of Lake Forest v. Janowitz,* 295 Ill. App. 289, and *Pillow v. Long,* 299 Ill. App. 542, are to the same effect. It is undoubtedly misleading to the jury and prejudicial to plaintiff's cause to constantly and needlessly repeat the charge "then you should find the defendant not guilty," or words of similar import; nor is it necessary for the enlightenment of the jury to give numerous instructions with respect to the degree of care required by plaintiff, even though that be one of the principal issues in the case, as numerous instructions are very likely to be misleading and prejudicial to the rights of such litigant.

The only other ground urged for reversal is that the verdict was contrary to the manifest weight of the evidence. Inasmuch as the cause will, in all likelihood, be retried, we consider it unnecessary and inadvisable to discuss the evidence adduced by plaintiffs.

Holding, as we do, that the instructions given at the request of defendant were repetitious, prejudicial and therefore erroneous, the judgment of the circuit court is reversed and the cause is remanded for retrial under proper instructions.

*Judgment reversed and cause remanded for retrial.*
SULLIVAN, P. J., and SCANLAN, J., concur.